358 So.2d 69 (1978)
Richard Eugene TAYLOR, Appellant,
v.
Rosa P. LOPEZ, Etc., et al., Appellees.
No. 77-1158.
District Court of Appeal of Florida, Third District.
April 18, 1978.
*70 James A. Baccus, Miami, for appellant.
Wicker, Smith, Blomqvist, Davant, McMath, Tutan & O'Hara and Richard A. Sherman, Miami, for appellees.
Before PEARSON and HENDRY, JJ., and CRAWFORD, GRADY L. (Ret.), Associate Judge.
CRAWFORD, GRADY L. (Ret.), Associate Judge.
The appellees herein, plaintiffs below, filed a subrogation complaint for auto negligence against the appellant, defendant below. Summons was issued but returned by the Sheriff as "no service". Thereafter, an amended complaint was filed but no effort was made to obtain personal service. Appellees proceeded rather to effect constructive service by filing "Notice of Action" and affidavit by counsel in support of publication. A final Default Judgment was entered against appellant on September 2, 1976. On April 27, 1977, appellant filed a motion to set aside default judgment on the ground that the trial court lacked jurisdiction to enter said judgment since no legal service of process had been effected upon the appellant that would give the court proper jurisdiction over him. This motion was denied on April 28, 1977, and this appeal followed.
It seems elemental that service of process by publication may be had only if personal service of process cannot be had. Resort to constructive service by publication is predicated on "necessity", (25 Fla. Jur. Process, Sec. 31, page 409).
In the instant case, no summons was requested or issued against appellant seeking personal service of the amended complaint.
In attempting to obtain constructive service under F.S. 49.041, the affidavit filed as the basis for such service falls far short of the statutory requirements; e.g., it avers that "the present resident and mailing address of said appellant is as follows: 2741 N.W. 175 Street, # 1B, Miami, Florida", and publication was made addressed to Robert Eugene Taylor at that Miami address. If that was, in truth, the residence address of the appellant, he could have been personally served there.
The affidavit did not state the age of appellant, or aver that it was unknown. It was not stated whether he was a resident or nonresident, absent from the State, concealing himself, or any other statutory requirement to form the basis for good constructive service. In the 4th Dist.Ct. of appeal of Florida, case of Elmex Corp. v. Atlantic Federal Saving and Loan Association, Fla. App., 325 So.2d 58, the court stated at page 61, as follows:
"The courts have consistently observed that statutes relating to substituted service of process (in lieu of personal service of process) must be strictly construed; and the burden of proof to sustain the validity of substituted service of process rests upon the person seeking to invoke the provisions of such statutes."
Appellees have not and did not satisfy the strict requirements of F.S. 49.041, and, therefore, their constructive service upon the appellant is insufficient and legally void. It follows that there was no jurisdiction over said appellant, and the trial court lacked legal authority to enter its default judgment, and such judgment must be, and is hereby set aside.
Reversed and remanded.