PER CURIAM.
Deja vu! Appellant asks this court to set aside a second constructive service of process upon her in the case below.
In Tulpere v. Duval Federal Savings and Loan Association of Jacksonville, 548 So.2d 1190, 1191 (Fla. 4th DCA 1989), this court reversed appellee’s first constructive service upon appellant and held, “Simply stating that defendant’s residence - is unknown and that one attempt was made at service is insufficient under [the] circumstances.”
Section 49.041, Florida Statutes (1987), governing constructive, service states in part:
The sworn statement of the plaintiff, his agent or attorney, for service of process by publication against a natural person, shall show:
⅜ * * ijt * *
(3) In addition to the above, that the residence of such person is, either:
(a) Unknown to the affiant, or
(b) In some state or country other than this state, stating said residence if known, or
(c) In this state, but that he has been absent from the state for more than 60 days next preceding the making of the sworn statement, or conceals himself so that process cannot be personally served upon him, and that affiant believes that there is no person in the state upon whom service of process would bind said absent or concealed defendant.
It appears from our review of the record that appellee did not attempt to serve appellant after our previous decision, but merely amended its first affidavit to read in pertinent part:
4. That the Defendant, RENEE TUL-PERE has concealed herself so that process cannot be personally served upon her, and affiant believes that there is no person in the state upon whom service of process would bind said absent or concealed Defendant. This fact is supported by the return of service which states that ‘service was attempted numerous times and one time was told by neighbors that MS. TULPERE was in Europe. Although water and electric was on at the above address, I was unable to find anyone at home or to even determine if anyone was living there.’
Again, we reverse. The amended affidavit does not allege sufficient facts to satis *802 fy the requirements of section 49.041(3)(c). We hold the allegations that service was attempted numerous times and that neighbors indicated appellant was in Europe to be insufficient to support a finding of concealment. The neighbors could have meant that appellant was on vacation.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.
WARNER, POLEN and GARRETT, JJ., concur.