593 So.2d 549 (1992)
Ruth K. GANS, Appellant,
v.
HEATHGATE-SUNFLOWER HOMEOWNERS ASSOCIATION, INC., etc., Appellee.
No. 90-2200.
District Court of Appeal of Florida, Fourth District.
January 22, 1992.
Rehearings and Clarification Denied March 12, 1992.
*550 Edward B. Cohen, Schwartz, Gold, Cohen & Zakarin, P.A., Boca Raton, for appellant.
David Harris Singer and Maureen O'Donnell, Law Offices of David Harris Singer, Miami, for appellee.
David J. Lunny, Jr., Lunny, Tucker, Tighe & Lunny, Fort Lauderdale, for amicus curiae  Com. Land Title Ins. Co.
PER CURIAM.
Appellant, Ruth K. Gans, appeals the trial court's denial of her motion to quash process and service of process, to abate the action, to vacate the order that set aside an order of dismissal, to set aside the final judgment of foreclosure, and to cancel the court clerk's sale.[1] We reverse and remand with instructions to the trial court to enter orders that quash process and service of process, set aside the final judgment of foreclosure, and cancel the court clerk's sale.
Mrs. Gans owned property at a Broward County community known as Heathgate-Sunflower. In May of 1988, appellee Heathgate-Sunflower Homeowners' Association [Association] filed a claim of lien against the property and mailed Mrs. Gans a copy of the lien and its notice of intention to foreclose. They were sent to the address of the property by certified mail, return receipt requested. The envelope was returned marked "Forward Expired."[2]
In July of 1988, the Association filed a notice of lis pendens and a complaint to foreclose which alleged that Mrs. Gans owed $149.09 for past due maintenance assessments. Personal service of Mrs. Gans was attempted at 7815 N.W. 68th Street, Tamarac, Florida. The actual address of the property is 7815 N.W. 68th Avenue. The summons was returned with the following notation, "No Service: For the reason that after diligent search and inquiry, I failed to find said Ruth K. Gans, in Broward County, Florida."
In November of 1988, the Association's counsel contacted the Florida Department of Motor Vehicles and the property tax records seeking Mrs. Gans's address. Counsel learned that her address was listed as 8701 N.E. Bayshore Drive, Miami, Florida. A process server then twice attempted to effect personal service on Mrs. Gans at the Miami address. The alias summons was returned unserved with the following notation: "No Service: For the reason that after diligent search and inquiry, I failed to find said Ruth K. Gans, in Dade County, Florida." The back of the alias summons indicated the time and date of the two attempts at service and the notation "house appears vacant."
In July of 1989, the trial court held a case management conference and gave the Association thirty-five days to file proof of service on Mrs. Gans. Also in July of 1989, the Association filed a sworn statement in support of constructive service that read, in pertinent part:
2. That after ... diligent search and inquiry to ascertain the residence and mailing address of the Defendant(s), RUTH K. GANS, the same is: mailing address and residence address is unknown.
The Association's published notice by publication also listed Mrs. Gans's mailing address and residence address as unknown. In August of 1989, the trial judge entered an order dismissing the case on the ground that the Association had failed to provide *551 the proof of service on Mrs. Gans. The Association then made an ex parte motion which requested that the order of dismissal be set aside because the trial judge failed to consider that the Association had commenced service by publication. The next month, after another ex parte hearing, the trial judge set aside its order of dismissal.
In September of 1989, after Mrs. Gans failed to "serve or file any paper as required by law" within the time provided by the notice of publication, the Association moved for entry of default, which the court clerk entered. The Association then moved for entry of final judgment of foreclosure, which the trial court granted. Mrs. Gans was not sent a copy of the default or a copy of the final judgment. In March of 1991, without notice to Mrs. Gans, the property was sold by the court clerk at public auction.
In May of 1990, Mrs. Gans received a telephone call from a representative of a title company regarding a potential sale by the party who purchased the property at the court clerk's sale. At that time Mrs. Gans learned of the lawsuit, hired counsel and, pursuant to rule 1.540(b), filed the motion that we now review.
We hold that the Association could not utilize service of process by publication to acquire jurisdiction over the person of Mrs. Gans. Any action by the court against a defendant based upon improper service by publication is without authority of law. See Klinger v. Milton Holding Co., 136 Fla. 50, 60, 186 So. 526, 531 (Fla. 1938). Therefore, the trial court did not have the authority to enter the appealed order, the underlying orders, or the final judgment of foreclosure, which, inter alia, authorized the clerk to sell the property at public sale. Section 49.021, Florida Statutes (1987) reads in pertinent part:
Service of process by publication, upon whom.  Where personal service of process cannot be had, service of process by publication may be had on any party, natural or corporate, known or unknown, including:
(1) Any known or unknown natural person... .
(emphasis added). This section only authorizes service of process by publication when the plaintiff cannot effect personal service on a defendant. Taylor v. Lopez, 358 So.2d 69, 70 (Fla. 3d DCA 1978). The determining factor is whether personal service "cannot be had." The Association discovered Mrs. Gans's Miami address and could have effected service on her at that address.
Furthermore, when a plaintiff seeks service of process by publication, "an honest and conscientious effort, reasonably appropriate to the circumstances, must be made to acquire the information necessary to fully comply with the controlling statutes." Klinger, 136 Fla. at 68, 186 So. at 534. The process server made two attempts, but did not question Mrs. Gans's neighbors or take any other steps to locate her. He just concluded that the house, although furnished, was vacant.[3] Also, the Association's counsel did not attempt to ascertain Mrs. Gans's whereabouts by contacting her neighbors, or by trying to contact her by phone or by mail. As a result, it seems to us unreasonable for the Association's counsel to have concluded that Mrs. Gans's residence was unknown and to have used that conclusion as a basis for the service of process by publication. Counsel had obtained a printout from the Florida Department of Motor Vehicles which showed that Mrs. Gans resided at the Miami address and that a little more than three weeks before the alias summons issued she had re-registered her car. Further investigation by counsel would have revealed that the real estate taxes on Mrs. Gans's property at the Miami address were current. *552 In addition, the 1988-89 Southern Bell directory for Greater Miami showed a listing for the Miami address under the name of Mrs. Gans's late husband, Louis R. Gans. It also seems to us unreasonable for counsel to have assumed that Mrs. Gans resided somewhere else in light of all the available information. Although Mrs. Gans might have moved during the three week period, it was unlikely. Counsel should have pursued personal service at the Miami address. Everything known to counsel indicated that Mrs. Gans still resided at the Miami address and that personal service on her could have been had at that address. The vacant but furnished house could have meant that Mrs. Gans was on vacation, in the hospital, or at work. Had the Association at the least mailed Mrs. Gans a copy of the complaint, she would have received it and been accorded notice of the suit. However, the statement also showed Mrs. Gans's mailing address as unknown. Although the statute does not require that the statement set forth the defendant's mailing address, we believe to conclude that Mrs. Gans's mailing address was unknown further shows that the Association did not make an honest and conscientious effort to notify her of the suit.
In any event, the Association's sworn statement failed to comply with the statutory requirement for service by publication. Therefore, again, the trial court did not have the authority to enter the appealed order or the underlying orders and judgment. It is a fundamental principle of law that a plaintiff must strictly comply with a service of process by publication statute. Robinson v. Cornelius, 377 So.2d 776, 778 (Fla. 4th DCA 1979). An order of publication based on a sworn statement which does not comply with the statute fails to confer jurisdiction. Taylor, 358 So.2d at 70. Section 49.041, Florida Statutes (1987) reads in pertinent part:
Sworn statement, natural person as defendant.  The sworn statement of the plaintiff, his agent or attorney, for service of process by publication against a natural person, shall show:
(1) That diligent search and inquiry have been made to discover the name and residence of such person, and that the same is set forth in said sworn statement as particularly as is known to the affiant; and

* * * * * *
(3) In addition to the above, that the residence of such person is, either:
(a) Unknown to the affiant; or
(b) In some state or country other than this state, stating said residence if known; or
(c) In the state, but that he has been absent from the state for more than 60 days next preceding the making of the sworn statement, or conceals himself so that process cannot be personally served upon him. .. .
(emphasis added). Because the Association discovered Mrs. Gans's name and residence it follows that the Association made a diligent search or inquiry as required by the first part of subsection (1). However, the Association did not comply with the second part of subsection (1) which requires that the sworn statement set forth the residence of the defendant as particularly as is known to the affiant. The statement did not show Mrs. Gans's Miami address as her residence as particularly known to the Association. "In addition" the statement must show compliance with subsection (3). Although that portion of the statement which showed that Mrs. Gans's residence was unknown to the affiant satisfied subsection (3), it did not satisfy the last part of subsection (1). See Wiggins v. Portmay Corp., 432 So.2d 802, 803 (Fla. 1st DCA 1983) (statement that "[affiant] has made diligent search and inquiry to determine the whereabouts of the Defendant and/or his residence herein, and that the same are unknown to the Plaintiff" held to be insufficient). Had the Association's statement set forth Mrs. Gans's Miami address, the clerk or the judge would have mailed her a copy of the notice by publication. Section 49.12, Fla. Stat. (1989).
Finally, we hold that the face of this record reveals that the Association's service by publication was void. Where the *553 service by publication is void on its face a reversal of the order of sale will defeat the title of the non-party who purchases the property in good faith at the judicial sale. Citibank, N.A. v. Data Lease Fin. Corp., 645 F.2d 333, 336 (5th Cir.1981) (citing Garvin v. Watkins, 29 Fla. 151, 10 So. 818 (1892)); Klinger, 136 Fla. at 66, 186 So. at 532-533. The Association's sworn statement was facially defective as it did not set forth the residence of Mrs. Gans as particularly as was known to the affiant. Thus, the trial should have ordered the court clerk's sale cancelled.
REVERSED AND REMANDED WITH DIRECTIONS.
WARNER, POLEN and GARRETT, JJ., concur.
NOTES
[1] Mrs. Gans entered into a stipulation to permit Commonwealth Land Title Insurance Company [Commonwealth] to file an amicus curiae brief. She now challenges that brief on the ground that Commonwealth as the insurer of title of a subsequent purchaser of the property in question has a pecuniary interest in the outcome of this appeal. However, we note that Florida Rules of Appellate Procedure 9.370 allows an amicus curiae brief to be filed on behalf of a party or an interest. Commonwealth filed its amicus curiae brief on behalf of the Association and the interest of a subsequent purchaser of the property.
[2] The Association contends that it did not receive notice that Mrs. Gans had purchased the property and did not receive her mailing address. As a result, Mrs. Gans did not receive or pay the bills for the maintenance assessments for the property. There is no indication in the record of where the bills were sent or how or when the Association discovered Mrs. Gans owned the property.
[3] Although the Association's brief states that it "was advised by the return of process that `house appears vacant/there is furniture inside but no one lives there,'" the return does not contain any such statement. The statement is found on a xerox copy of the summons, not the return. It is a hand written notation, unsigned and undated. There is no indication of who placed it there. This document was not filed with the court by the process server, but appears in the record as "Plaintiff's Exhibit C" attached to the Association's response to Mrs. Gans' motion to quash.