STONE, Judge.
We reverse an order denying appellants’ motion to quash service of process by publication under chapter 49, Florida Statutes. The plaintiffs’ affidavit for constructive service is facially insufficient. Tulpere v. Duval Fed. Sav. & Loan Ass’n of Jacksonville, 575 So.2d 801 (Fla. 4th DCA 1991); Wiggam v. Bamford, 562 So.2d 389 (Fla. 4th DCA 1990); Bodden v. Young, 422 So.2d 1055 (Fla. 4th DCA 1982). The affidavit provided only that affiant did the following as a diligent search:
(a) Checked the records of the clerk of circuit court concerning a case wherein the defendant is a party and has been unable to locate any current address for the defendant;
(b) Looked in the phone book for any pertinent listings; and
(c) Hired a private process service to locate Jack F. Townsend, III.
Affiant then stated a belief that Townsend, who appellees seek to serve individually and as resident agent, was concealing himself.
We recognize that appellees subsequently obtained affidavits reflecting additional efforts at service, supporting a claim that diligent efforts have continued to no avail. We make no determination here whether those subsequent efforts are, alone, a sufficient basis for a new affidavit for constructive service in support of any republication following remand. However, appellees are cautioned, in such event, to also consider the allegations of appellants’ counter-affidavit.
DOWNEY and WARNER, JJ., concur.