625 So.2d 1219 (1993)
Mark H. DEMARS, Appellant,
v.
VILLAGE of SANDALWOOD LAKES Homeowners ASSOCIATION, INC. and Gaetan J. Gagne, Inc., Appellees.
No. 91-3504.
District Court of Appeal of Florida, Fourth District.
April 7, 1993.
*1220 Robert L. Saylor of Robert L. Saylor, P.A., West Palm Beach, for appellant.
Edward Dicker of St. John & King, West Palm Beach, for appellee  Village of Sandalwood Lakes Homeowner's Ass'n, Inc.
Annette Friedman of the Law Offices of Annette Friedman, P.A., Boca Raton, for appellee  Gaetan J. Gagne, Inc.
Charles R. Gardner of Gardner, Shelfer, Duggar & Bist, P.A., Tallahassee, for amicus curiae  The Real Property, Probate and Trust Law Section of the Florida Bar.

ON MOTIONS FOR REHEARING
WARNER, Judge.
On motion for rehearing we allowed the Real Property Probate and Trust Law Section of the Florida Bar to file an amicus brief addressing the question of whether a judgment is void (not merely voidable) when jurisdiction is based on a "bare bones" affidavit for constructive service. Our original opinion declared that such a judgment was void. We now conclude that we were in error. We grant rehearing and withdraw our prior opinion.
Appellant challenges the trial court's orders denying his motion to vacate a final judgment and set aside a sheriff's sale, and granting an intervenor's motion to discharge a lis pendens. The issue presented contests the validity of constructive service based upon an affidavit of diligent search and inquiry. We reverse.
In 1987, appellant purchased a townhouse in the Village of Sandalwood Lakes. In 1990 appellee filed a claim of lien for unpaid assessments and later filed an action to foreclose that claim of lien. In April of 1991, appellee's attorney filed an Affidavit of Diligent Search, reprinted herein in its entirety.
1. That Affiant is the attorney for the Plaintiff in the above-styled cause.
2. That the Defendant is over the age of eighteen (18) years of age.
3. That a diligent search and inquiry has been made to discover the residence of the Defendant, MARK H. DEMARS.
4. That the Defendant's last know address is 801 8th Way[,] West Palm Beach, Florida 33407.
5. That on October 3, 1990 a certified process server in good standing unsuccessfully attempted service of process upon the Defendant, who does not reside at the subject residence. A copy of the servers's [sic] return is attached hereto as Exhibit "A".
6. That on February 18, 1991 a certified process server in good standing unsuccessfully attempted service of process upon the Defendant, who does not reside at the subject residence. A copy of the servers's [sic] return is attached hereto as Exhibit "A".
7. That no forwarding address has been located.
8. That the Defendant's place of residence is unknown.
9. Affiant believes that there is no person in the state of Florida upon whom Service of Process would bind.
Based upon that affidavit, appellee published notice of its lawsuit, and when no response was filed, appellee obtained a default and final default judgment against appellant. At the foreclosure sale, Gerard LaLiberte, a nonparty to the foreclosure action, bought the town house and resold it to Gaetan J. Gagne, Inc., another nonparty. After learning about the sale of his property, Demars moved to vacate the final judgment of foreclosure and foreclosure sale. Demars alleged that the final judgment and sale were defective, because Sandalwood Lakes had failed to exercise due diligence in attempting to serve him with personal process. Demars also filed a notice of lis pendens on the town house.
*1221 The trial court held a hearing at which appellant called appellee's attorney as a witness to the efforts of diligent search that the attorney had made to discover appellant's address. The affidavit itself listed only two attempts by a process server to serve appellant at the town home. The notation on the return was that the home was being rented but the tenant did not know how to get in touch with appellant. The attorney testified that he checked the chain of title on the property. He was aware that there was a mortgage on the property. The attorney called the mortgage holder and, without notifying the bank that he was in the process of foreclosing on the property, asked the person on the phone whether the bank would divulge any information that they might have that could help locate appellant. Because the attorney had made similar calls to lending institutions in the past without receiving information, he did not expect to receive such information and did not. However, he never followed up the phone call with a letter, or, as appellant's attorney suggested, by subpoena of the bank's records. He also called Florida Power and Light, which also refused to reveal any information regarding appellant. The attorney also knew from past experiences that they would not divulge such information over the phone, yet the attorney made no follow-up of his telephone call. He also checked the condominium association's records. The property manager of the association also tried to get information from the tenants in the town home without success. She left a business card at the home. Sometime around the time when constructive service was being undertaken, she saw what she thought might be a legal notice posted on the door of the town home, but she did not go and investigate it. It was in fact a notice of eviction of tenants in a suit instituted by appellant through an attorney. The attorney's address was on this notice, and had he been contacted he could have supplied appellant's address. Based upon this proof, the court denied the motions. This appeal ensued.
In this case the affidavit alleged that the attorney had made diligent search and inquiry but outlined only two attempts at service of process as proof of that diligent search. We have held many times that proof of a few attempts at service of process are insufficient to prove diligent search. See e.g., Tulpere v. Duval Fed. Sav. & Loan Ass'n, 548 So.2d 1190 (Fla. 4th DCA 1989); Hobe Sound Indus. Park, Inc. v. First Union Nat'l Bank, 594 So.2d 334 (Fla. 4th DCA 1992); Robinson v. Cornelius, 377 So.2d 776 (Fla. 4th DCA 1979).
The problem in this case occurs as to whether a factually insufficient affidavit renders the judgment entered in reliance thereon absolutely void or merely voidable. It is our conclusion that it renders the judgment voidable.
From our analysis of the decisional law, the statement of diligent search and inquiry in the affidavit makes it facially sufficient to support the issuance of constructive service by publication and thus any judgment rendered pursuant to such service is not void but may be voidable at the instance of the affected party. To declare otherwise seriously impairs the marketability of title to real property which has become the subject of judgments rendered on the basis of constructive service.
Constructive service statutes are nothing new. The first such statute was enacted in Florida in 1828. See History of Constructive Service of Process, 2 West's Fla. Stat.Annot. p. 299. In McDaniel v. McElvy, 91 Fla. 770, 108 So. 820 (1926), the court construed a prior constructive service statute. That enactment required the bill of complaint to "state" that the names and residence of persons interested were unknown and had not been ascertained after diligent inquiry. At one other part the legislation required the complainant to show that diligent search and inquiry for unknown defendants had been made. Id. 108 So. at 832. The court noted that the statutes of other states required that the affidavit of publication set forth the facts showing diligence in inquiry. Distinguishing the Florida statute, the court noted that the use of the word "show" in the statute was subsidiary to the language that complainant "state" the fact (of due diligence), "and it was not intended by the legislature as a requirement that the complainant allege the facts *1222 tending to support that allegation as a condition precedent to the issuance of process." Id. 108 So. at 832.
We do not regard the provision of chapter 11383 as requiring the complainant to allege the facts which support his sworn statement or allegation with reference to interested persons whose names and residences are unknown, or his lack of knowledge and his inability to ascertain whether the defendants are dead or alive, so long as such allegations strictly follow the statute. ...
But, while allegations of a categorical nature which follow the words of the statute are sufficient as a predicate for the issuance of the order of publication, the chancellor is not thereby precluded from requiring appropriate proof of those allegations, as any other allegations, as a prerequisite to the entry of a decree... .
For the chancellor to carefully review the sufficiency of the process before entering a final decree, as a means of ascertaining whether the court has acquired jurisdiction, is not only permissible, but it should be ... the universal and invariable procedure... . (emphasis added)
Id. 108 So. at 832.
Later in Catlett v. Chestnut, 107 Fla. 498, 146 So. 241 (1933), the court distinguished between a failure to pursue the essential requirements of the statute and the defective presentation of those elements. A judgment based upon the failure to pursue the essential requirements of the statute is void. But a judgment based upon an affidavit which shows each material statutory fact, even if defective or insufficient, renders the proceedings merely voidable, not void. 146 So. at 244. This conclusion was followed in Klinger v. Milton Holding Co., 136 Fla. 50, 186 So. 526 (1938), also decided under a predecessor statute. The court held that a "bare bones" affidavit complied with the statute, but if a lack of due diligence before the filing of the affidavit in stating that the residence of the defendant was unknown could be shown, then the judgment rendered in accordance with constructive service was voidable at the instance of the defendant. 186 So. at 533. However, Klinger determined that, as to a bona fide purchaser for value without notice, the vacation of the judgment should not defeat the purchaser's title. 186 So. at 535.
In 1941 the constructive service statutes were amended to their present substance. Notably, the amended statute provided that the sworn statement for publication shall show that diligent search and inquiry have been made to discover the name and residence of the defendant and "that the same is set forth in said sworn statement as particularly as is known to the affiant." § 48.04, Fla. Stat. (1941). Given this change from "state" to "show" the analysis of the McDaniel opinion would appear to require a disclosure of the facts tending to prove diligent search and inquiry in the affidavit.[1] Nevertheless, in Grammer v. Grammer, 80 So.2d 457 (Fla. 1955), involving a sworn statement that the affiant had made diligent search and inquiry as to the address of the defendant, the supreme court stated categorically, "[t]he language of the sworn statement for constructive service is a clear compliance with the statutory requirements of section 48.04, F.S. 1951 [now section 49.041], and this fact is not questioned." Id. at 459. The Third District followed Grammer in Munro v. Bechard, 132 So.2d 429 (Fla. 3d DCA 1961).
The same conclusion was reached in Larsen v. Larsen, 180 So.2d 393 (Fla. 1st DCA 1965). The trial court had denied a complaint to set aside a divorce decree which complaint had alleged that the husband had falsely sworn that he had made diligent search and inquiry as to his wife's address. Addressing the issue of the sufficiency of the affidavit, the court quoted with approval from *1223 McDaniel that "allegations of a categorical nature which follow the words of the statute are sufficient as a predicate for the issuance of the order of publication... ." Id. at 395, quoting from McDaniel.
In Gmaz v. King, 238 So.2d 511 (Fla. 2d DCA 1970), the court stated that "service of process by publication may be had upon the filing of an affidavit on plaintiff's behalf stating the residence of the person to be served as particularly as is known after `diligent search and inquiry'... ." Id. at 514 (emphasis added). The court held that constructive process attempted in the quiet title suit was fatally defective as the attorney had not availed himself of all reasonable modes of inquiry. Id. at 515. Significantly, the court did not hold that the affidavit alleging only "diligent search and inquiry" was facially insufficient.
Thus, the sworn statement in support of constructive service does not require the inclusion of specific facts showing that a diligent search has been undertaken. Any other construction of the statute would render title to property deraigning from a judgment based on constructive service literally unmarketable. To require the affidavit to "show" the efforts of diligent search leaves open the judgment to continued challenges that on the face of the affidavit that the affiant did not do enough searching, see, e.g., Hobe Sound Indus. Park, Inc. v. First Union Nat'l Bank, 594 So.2d 334 (Fla. 4th DCA 1992), and that conclusion can only be made on a case by case factual determination. Therefore, a title examiner would understandably be reluctant to insure any title in whose chain a foreclosure based on constructive service appears.[2] This sentiment is an echo of the supreme court's own concerns expressed in Catlett v. Chestnut, 107 Fla. 498, 146 So. 241 (1933), which stated, in holding that a defective affidavit renders the proceedings voidable, not void:
A due consideration of the title to numerous estates, the validity of long-established marriages [after a prior divorce based upon publication] ... and the painful consequences which would necessarily ensure should we fail to give effect to the above-stated rule as to collateral attacks on the validity of decrees in equity cases, where there has been employed an inferential or imperfect allegation of a jurisdictional fact in an affidavit for constructive service, as distinguished from a complete failure to allege at all a required jurisdictional fact... .
Id. at 246.
In its amicus brief, the Real Property Section has also referred us to numerous forms for affidavits of constructive service, none of which alert the attorney to the necessity of alleging specific facts constituting a diligent search and inquiry. Trawick's Florida Practice and Procedure Forms (1991), contains several forms for affidavits for constructive service none of which suggest the detailing of specific facts constituting constructive service. And Trawick's Florida Practice and Procedure, 1991, states "[t]he use of the statutory language in the sworn statement does not preclude an attack on an allegation that diligent search and inquiry have been made," thus inferring that the affidavit may be defective but not facially insufficient as to void any judgment on which it is based. Id. at Section 8-17, p. 145. While these references are not authority on which to rely, they illustrate the widespread use of affidavits which merely track the statutory requirements.
Thus, based upon all of the foregoing we conclude that an allegation that diligent search and inquiry was made into the name and residence of the defendant, contained within the sworn statement for constructive service, renders it facially sufficient, as it states the material jurisdictional fact required under the statute. This also is consistent with section 49.031(3), Florida Statutes (1991) which states: "[a]fter the entry of a final judgment or decree in any action no sworn statement shall ever be held defective for failure to state a required fact if the fact otherwise appears from the record in the action."
*1224 That does not end the inquiry, because even if the affidavit is deemed to have complied with the statute, it is still the duty of the court to determine whether the appellee actually conducted an adequate search.[3] Here, too, it is the plaintiff's burden to prove the legal sufficiency of the proof when challenged. See Elmex Corp. v. Atlantic Fed. Sav. & Loan Ass'n, 325 So.2d 58 (Fla. 4th DCA 1976). The test to determine whether plaintiff conducted a diligent search and inquiry is "whether the complainant reasonably employed the knowledge at his command, made diligent inquiry, and exerted an honest and conscientious effort appropriate to the circumstance to acquire the information necessary to enable him to effect personal service on the defendant." Canzoniero v. Canzoniero, 305 So.2d 801, 803 (Fla. 4th DCA 1975).
We reverse the trial court's denial of the motion to vacate the final judgment because the search conducted did not meet the standards of reasonable diligence. See Gmaz, 238 So.2d at 514 ("when a `red flag' is waved to a complainant notifying or warning him of facts which put him on a reasonable course of inquiry as to the whereabouts or residence of a party-defendant to his law suit, he is bound to follow that course to its logical end.") The attorney for the association did not follow up on leads which he knew were likely to reveal appellant's residence. Merely telephoning FPL, for instance, when he knew that they would not give out this information over the phone is not following that course to its logical end. Similarly, the attorney called appellant's mortgage holder who also would not give out such information over the phone. The attorney never followed up the inquiry with a letter informing the mortgage holder of the request and the reason therefor, namely to foreclose a lien on the property which would dispossess the appellant of his title. We find it impossible to believe that such a written inquiry would not have produced a response from the mortgage company.
As we find that the judgment was voidable, a question remains as to whether the third party was a bona fide purchaser for value so as to keep the title acquired. The trial court did not rule on this issue. Therefore, we remand to consider this issue as well as for further proceedings between appellant and appellee association.
Because this opinion deals with a question of great public importance as it affects the validity of real estate titles throughout the state, and because it does not appear that the supreme court has directly addressed the change in the statutory language in section 49.041 from "state" to "show", we certify the following question to the supreme court:
DOES THE STATEMENT THAT DILIGENT SEARCH AND INQUIRY WAS MADE AS TO THE RESIDENCE OF DEFENDANT, IN AN AFFIDAVIT FOR CONSTRUCTIVE SERVICE PURSUANT TO SECTION 49.041, FLORIDA STATUTES (1991), MAKE THE AFFIDAVIT FACIALLY SUFFICIENT TO SUPPORT THE ISSUANCE OF CONSTRUCTIVE SERVICE BY PUBLICATION SO THAT ANY JUDGMENT RENDERED PURSUANT TO SUCH SERVICE IS NOT VOID BUT MERELY VOIDABLE AT THE INSTANCE OF THE AFFECTED PARTY?
GUNTHER, J., and DOWNEY, JAMES C., Senior Judge, concur.
NOTES
[1] In another context this court has defined "showing" as "more than a bare assertion; it consists of specific explanations and reasons." Speer v. Desrosiers, 361 So.2d 722 (Fla. 4th DCA 1978). However, that definition was given in interpreting Florida Rule of Civil Procedure 1.280(b)(2) and the requirement that the movant "show" that the party making a request for production of certain documents has need of them and cannot obtain the substantial equivalent without undue hardship. We cannot equate this rule, which contemplates an evidentiary hearing prior to an order of production, with the jurisdictional requirements of section 49.041, which does not require an evidentiary hearing but only an affidavit alleging certain jurisdictional facts.
[2] All such titles would require a quiet title proceeding to cure the potential defect. And what if the quiet title proceeding to cure a potential defect in constructive service was itself constructively served?
[3] We do not doubt that the better practice is to file an affidavit of diligent search which contains all of the details of the search. That simplifies review of constructive service for the court being asked to render a default judgment based upon publication. See Baker, Elizabeth, Affidavit of Diligent Search, Vol. 63 Fla.B.J. 63 (Feb. 1989).