WHATLEY, Judge.
The appellant, John Santini, challenges the denial of his motion to quash constructive service of process and his motion to abate the action for lack of jurisdiction over the person. We conclude that Resolution Trust Corporation (Resolution Trust) failed to comply with section 49.041, Florida Statutes (1993), and reverse.
Service of process by publication may be made after the plaintiff, his agent or attorney files a sworn statement that shows:
(1) That diligent search and inquiry have been made to discover the name and residence of such person, and that the same is set forth in said sworn statement as particularly as is known to the affiant; and
(2) Whether such person is over or under the age of 18 years, if his age is known, or that his age is unknown; and
(3) In addition to the above, that the residence of such person is, either:
(a) Unknown to the affiant; or
(b) In some state or country other than this state, stating said residence if known; or
(c) In that state, but that he has been absent from the state for more than 60 days next preceding the making of the sworn statement, or conceals himself so that process cannot be personally served upon him, and that affiant believes that there is no person in the state upon whom service of process would bind said absent or concealed defendant.
§ 49.041, Fla.Stat. (1993).
Resolution Trust filed two affidavits of diligent search. Neither affidavit complies with section 49.041. First, the affidavits fail to allege the specific residence address of Santini or that such address is unknown. Second, the affidavits fail to allege whether Santini is in a state other than Florida or is in another country. Third, the affidavits fail to allege whether Santini is actually in Florida. Finally, the affidavits are also silent as to whether Santini has been absent from the state for more than 60 days or has concealed himself so that process cannot be personally served upon him.
Section 49.041 is strictly construed against a plaintiff who seeks service of process under it. See Batchin v. Barnett Bank of Southwest Florida, 647 So.2d 211 (Fla. 2d DCA 1994). Since the affidavits filed in this case do not comply with Section 49.041, the constructive service upon Santini is insufficient. Therefore, the trial court erred in denying Santini’s motions to quash service of process and to abate the action for lack of jurisdiction over the person. See Taylor v. Lopez, 358 So.2d 69 (Fla. 3d DCA 1978).
Accordingly, we reverse the trial court’s order in this instance and remand this cause to the trial court for proceedings consistent with this opinion.
THREADGILL, C.J., and BLUE, J., concur.