704 So.2d 694 (1997)
SOUTHEAST AND ASSOCIATES, INC., Appellant,
v.
FOX RUN HOMEOWNERS ASSOCIATION, INC., a Florida not-for-profit corporation, and Albert Love and Rose Love, his wife, Appellees.
No. 97-1131.
District Court of Appeal of Florida, Fourth District.
December 31, 1997.
Rehearing and Rehearing Denied February 11, 1998.
*695 David B. Haber and Alex Kurkin of Haber, Lewis & Pathman, LLP, Miami, for appellant.
Deborah Fischer Moraitis, Fort Lauderdale, for appellees Albert Love and Rose Love.
Rehearing and Rehearing En Banc Denied February 11, 1998.
RAMIREZ, JUAN, Jr., Associate Judge.
This is an appeal from an order granting Appellees' motion to set aside a default final judgment and sale of real property. Fox Run Homeowner's Association, the original plaintiff, sued Albert and Rose Love to recover condominium fees and assessments and to foreclose its statutory lien on the Loves' home. Southeast and Associates was the successful bidder at a foreclosure sale held after the Loves were constructively served by publication. The issue presented is whether the owners may set aside a foreclosure sale based on affidavits of diligent search and inquiry which were facially sufficient and complied with the statutory requirements. We hold that they cannot and reverse.
A ninety dollar association assessment for semi-annual maintenance became due on July 1, 1995, which the Loves failed to pay. The association sent a notice of delinquency by certified mail to the Loves' home in Fox Run, warning that the association could file a lien against their home and subsequently foreclose on this lien. The notice was accepted by someone on behalf of the Loves, who signed the return receipt card. When the assessment was not paid, the association filed a lien against the property, sending a notice of this lien to the Loves' Fox Run address, which was again accepted on their behalf.
Just before the expiration of this thirty-day period, a partial payment was sent to the association, which was returned to the P.O. box address on the check advising that if full payment was not made the association would instigate a foreclosure suit. Again, someone signed for the letter on behalf of the Loves.
After the Loves failed to pay the entire balance due, Fox Run Homeowner's Association instituted a foreclosure action. The association hired a process server to serve the foreclosure complaint on the Loves. The association only knew of the address within Fox Run, and had the P.O. box address in Tamarac, Florida. Unbeknownst to the association, the Loves were residing at their New York address. The process server performed two skip traces and was unable to discover this or any other addresses for the Loves. He attempted to serve the Loves at their Fox Run address nine times over a thirty-day period, at different times of day, to no avail. The process server also spoke with neighbors on both sides of the subject property and was informed that the Loves were on vacation in New York or out of town. The server was unable to find any New York addresses for the Loves, but did discover another Florida address. He visited this address but only found an abandoned retail outlet. When he contacted the warehouse's leasing agent, he learned that the former tenants had "moved out in the middle of the night" approximately three months earlier. The investigation also revealed that neither of the Loves had a Florida driver's license, and thus the investigator was unable to obtain their social security number for further searches.
After being unable to serve the Loves personally, Fox Run Association served them by publication after filing an affidavit of diligent search by the process server and an affidavit of constructive service executed by the association's counsel. After the Loves defaulted for failing to file a response to the association's complaint, the court entered summary final judgment of foreclosure against the Loves.
Southeast and Associates was the successful bidder at the foreclosure sale held nine months after the initial notice. Southeast *696 had called the mortgage company listed on the deed the day before the foreclosure sale in order to get more information about the Loves, but the mortgage company refused to provide Southeast with any information.
Nine days after the clerk of the trial court issued a certificate of title in favor of Southeast, the Loves moved to set aside the sale based on an insufficient service of process, alleging that the association and its process server failed to perform a thorough enough search. Southeast intervened and asserted that it was a bona fide purchaser for value, arguing that it was not required to look behind the facial sufficiency of the affidavits of diligent search and inquiry filed by Fox Run Association. The trial court entered an order finding lack of diligent search and inquiry by Fox Run Association, and setting aside the foreclosure sale to Southeast.
Florida Statute Section 49.041 provides that a person may be served by publication upon verified statement showing on its face that "diligent search and inquiry have been made to discover the name and residence" of the person being served. If the court finds that the verified statement is defective, or the diligent search is deficient, the court must then determine "whether the trial court's judgment of foreclosure would be void or voidable.... This distinction is important when title to the property affected by the judgment has passed to a bona fide purchaser for value." Batchin v. Barnett Bank of Southwest Florida, 647 So.2d 211, 213 (Fla. 2d DCA 1994). Where a subsequent foreclosure sale resulting from constructive service is merely voidable, and not void, it cannot be set aside as against a BFP. Id.
In Demars v. Village of Sandalwood Lakes Homeowners Ass'n, 625 So.2d 1219 (Fla. 4th DCA 1993), this court faced a very similar situation. The homeowner moved to vacate the final judgment of foreclosure, alleging that the judgment and sale were defective because Sandalwood Lakes failed to exercise due diligence in attempting to serve him with personal process. The affidavit had stated that a diligent search and inquiry had been made but listed only two attempts by a process server to serve the defendant. An evidentiary hearing revealed that the process server and Sandalwood Lakes' attorney had been less than diligent. The court concluded that a factually insufficient affidavit rendered a judgment entered in reliance on it voidable, not void. "To declare otherwise seriously impairs the marketability of title to real property which has become the subject of judgments rendered on the basis of constructive service." Id. at 1221.
However, even when the affidavit complied with the statute, the trial court still has a duty to determine whether the plaintiff actually conducted an adequate search. Id. at 1224. The plaintiff has the burden of showing that it reasonably employed the knowledge at its command, made diligent inquiry, and exerted an honest and conscientious effort appropriate to the circumstance to acquire the information necessary to serve the defendant personally. Id.; Canzoniero v. Canzoniero, 305 So.2d 801, 803 (Fla. 4th DCA 1975).
Although Demars held that a conclusory allegation that diligent search and inquiry contained within the sworn statement for constructive service rendered it facially sufficient, it recognized that "the better practice is to file an affidavit of diligent search which contains all of the details of the search." Demars, 625 So.2d at 1224, n. 3; Batchin. Here, the plaintiff followed the better practice and filed a detailed affidavit listing the nine attempts at personal service, the contact with the neighbors, the two skip traces, and the trip to a retail establishment where the process server learned that the lessee had moved out in the middle of the night.
The trial judge does not make a specific finding that Southeast and Associates was a bona fide purchaser for value, but the clear import of the order recognizes such a status. But instead of relying on Demars, the trial court based its order on Gans v. Heathgate-Sunflower Homeowners Ass'n, 593 So.2d 549 (Fla. 4th DCA 1992). But, in Gans, the association knew of an address for the defendant where they attempted service twice and yet failed to include this address on the affidavit for constructive service. Id. at 552. Thus, Gans concluded that the association's sworn statement failed to comply with the *697 statutory requirement for service by publication, rendering service by publication void. In the instant case, the association strictly complied with the publication statutes.
Finally, "where one of two innocent parties must suffer a loss as the result of the default of another, the loss shall fall on the party who is best able to avert the loss and is the least innocent." Jones v. Lally, 511 So.2d 1014, 1016 (Fla. 2d DCA 1987). The Loves were delinquent in their payments, and could easily have provided the association with their New York address, especially considering that they were gone from the home for at least nine months. Furthermore, someone on their behalf kept signing for the certified letters, sending in a partial payment.
REVERSE AND REMAND.
GUNTHER and SHAHOOD, JJ., concur.