745 So.2d 396 (1999)
M.C., Appellant,
v.
A.H., Appellee.
No. 99-248.
District Court of Appeal of Florida, Fourth District.
October 13, 1999.
Rehearing Denied November 29, 1999.
*397 John R. Lonergan of John R. Lonergan, P.A., Fort Lauderdale, for appellant.
William G. Crawford, Jr. of McDonald & Crawford, P.A., Fort Lauderdale, for appellee.
FARMER, J.
We reverse a final order denying relief from a final judgment of adoption.[1] The trial court determined that the parties petitioning for the adoption of appellant's child had exercised due diligence in attempting to serve him by publication. The record demonstrates, however, two facts that have no evidentiary contradiction and do not depend on a trial judge's vantage point.
(1) Counsel for the parties petitioning for adoption sent notice of the adoption proceedings to the natural father in Washington by mail which was in turn forwarded by the U.S. Postal Service to him in Tennessee. A return receipt card showing the forwarded address was then sent to counsel. The parties' counsel therefore had appellant's actual residence address in hand even though she never looked at it. Demars v. Village of Sandalwood Lakes Homeowners Ass'n, 625 So.2d 1219 (Fla. 4th DCA 1993) (failure of attorney for party seeking to effect service by publication to follow up on leads likely to disclose appellant's residence renders service by publication insufficient); Gmaz v. King, 238 So.2d 511, 514 (Fla. 2d DCA 1970) ("when a `red flag' is waved to a complainant notifying or warning him of facts which put him on a reasonable course of inquiry as to the whereabouts or residence of a party-defendant to his law suit, he is bound to follow that course to its logical end.").
(2) Appellant mailed two letters to his son at the residence address of the adopting parties. The letters plainly show appellant's mail and residence addresses in Tennessee. The mother testified, however, that she simply declined to accept such mail from appellant. Had she accepted the letters she would have known his address. Thus her own conduct led to her alleged unawareness of the residence address to serve her ex-husband.
The burden is on the proponent of constructive service by publication to demonstrate scrupulous compliance with the statutory requirements for publication, and the failure to adhere strictly to the statutory regimen deprives the court of jurisdiction over the defendant so served. Gans v. Heathgate-Sunflower Home-owners Ass'n, 593 So.2d 549, 552 (Fla. 4th DCA 1992) ("It is a fundamental principle of law that a plaintiff must strictly comply with a service of process by publication statute. An order of publication based on a sworn statement which does not comply with the statute fails to confer jurisdiction." [c.o.]). Parties petitioning for adoption must reasonably employ the knowledge available to them so that, if possible, a parent whose consent is necessary will have actual notice of the suit. See Robinson *398 v. Cornelius, 377 So.2d 776, 778 (Fla. 4th DCA 1979).
REVERSED.
STONE, and STEVENSON, JJ., concur.
NOTES
[1] The motion for relief from judgment was filed more than one year after the adoption judgment became final. Neither party raises or discusses section 63.182, Florida Statutes, which states that:

"After one (1) year from the entry of a judgment of adoption, any irregularity or procedural defect in the proceedings is cured, and the validity of the judgment shall not be subject to direct or collateral attack because of any irregularity or procedural defect."
Without deciding whether this statute would actually bar this attempt for relief from the judgment, we do observe that it would seem palpably unfair for a party to fail to give notice of an adoption proceeding to a parent and then, after the one year period had lapsed, argue that the collateral proceeding was too late. This statute is sometimes thought to be inapplicable where fraud is suggested. See e.g. Peregood v. Cosmides, 663 So.2d 665 (Fla. 5th DCA 1995), review denied 673 So.2d 29 (Fla.1996). There would appear to be equal grounds to lay the statute aside when the collateral attack is based on the failure to give the party notice of the adoption proceeding.