PER CURIAM.
We reverse the June 10, 1999 order which is the subject of this appeal. At the *927 June 8, 1999 hearing, the attorney for the appellee association informed the court that a witness was “prepared to testify [that] the [appellee Razons] had full knowledge of potential title problems prior to the purchase of the property.” The court declined to take any testimony “with regards to the — the bonified [sic] of the present owners, because it’s all after the fact.” Later in the hearing, another attorney mentioned the availability of testimony on this issue, but none was taken. Appellant’s motion for rehearing raised the issue of the court’s failure to allow the testimony.
Since the trial court determined that the foreclosure judgment was voidable, the issue of whether the Razons were bona fide purchasers for value was central to then-ability to defeat appellant’s claim to the property. See Southeast & Assocs., Inc. v. Fox Run Homeowners Ass’n, 704 So.2d 694, 696 (Fla. 4th DCA 1997); Demurs v. Village of Sandalwood Lakes Homeowners Ass’n, 625 So.2d 1219, 1224 (Fla. 4th DCA 1993). A bonafide purchaser is one who purchases the property for value and without either actual or constructive notice of an unrecorded interest in the property. See, e.g., Pearlman v. Nat'l Bank of New York City, 600 So.2d 5, 7 (Fla. 4th DCA 1992).
We reverse and remand this case for an evidentiary hearing on the single issue of whether the Razons were bona fide purchasers of the subject property.
GUNTHER, FARMER and GROSS, JJ., concur.