THOMPSON, J.,
Dissenting.
I respectfully dissent. I would deny the motion for rehearing because I believe that the judgment of foreclosure and judicial sale should be set aside.
Our recognition that Ms. Sudhoffs right to redemption was denied without due process is difficult to square with allowing to stand either (1) a foreclosure judgment that purports to extinguish all persons’ rights of redemption or (2) the judicial sale after which the mortgagor’s right to redemption expires. The majority correctly notes that Burns v. Bankamerica National Trust Co., 719 So.2d 999, 1001 (Fla. 5th DCA 1998), is factually distinguishable. Nevertheless, I believe that, “once the certificate [of title] is issued, redemption is precluded, even if the party asserting the right was not made a party to the foreclosure proceedings.” Id. The final judgment of foreclosure provided: “The sale shall be held in accordance with § 45.031 Fla. Stat. (1995), and upon the Clerk filing the Certificate of Sale, all persons shall be forever barred and foreclosed of any and all equity or right of redemption in and to the above property.” The property was sold and the certificate of sale was filed on 8 July 2005.
Section 45.0315, Florida Statutes (1995), provided:
At any time before the later of the filing of a certificate of sale by the clerk of the court or the time specified in the judgment, order, or decree of foreclosure, the mortgagor or the holder of any subordinate interest may cure the mortgagor’s indebtedness and prevent a foreclosure sale by paying the amount of moneys specified in the judgment, order, or decree of foreclosure, or if no judgment, order, or decree of foreclosure has been rendered, by tendering the performance due under the security agreement, including any amounts due because of the exercise of a right to accelerate, plus the reasonable expenses of proceeding to foreclosure incurred to the time of tender, including reasonable attorney’s fees of the creditor. Otherwise, there is no right of redemption.
(Emphasis added.)
“[T]he statute ... require[s] redemption prior to the issuance of the certificate of sale, unless a different redemption cut-off is specified by the judge in the judgment of foreclosure. If the judgment makes no such provision, the right to redeem expires when the clerk files the certificate of sale.” Mark S. Dennison, Sufficiency of Manner and Timeliness of Redemption of Real Estate Contract from Foreclosure, 66 Am. Jur. Proof of Facts 3d 267 § 4 (2006) (footnote omitted). The mortgagor should not delay in exercising her right of redemption because that right “expires when the clerk files the certificate of sale, unless the judgment of foreclosure makes some provision to the contrary, and the statute requires the certificate of sale to be filed promptly after the sale is conducted.” 33 Fla. Jur .2d Judicial Sales § 43 (2006).
If we recognize that Ms. Sudhoff was entitled to her equity of redemption, “an incident of every mortgage which cannot *431 be extinguished except by due process of law,”[1] neither the foreclosure judgment purporting to extinguish all rights of redemption nor the judicial sale that by statute extinguishes redemption rights should be left intact.
The majority also notes the rule that the foreclosure decree establishes the rights of persons who are parties. This is generally true, but I think that holding the foreclosure judgment binding as to Mr. Sudhoff is premature. The record is unclear, but the judgment against Mr. Sudhoff may be voidable or void based upon the significant possibility that FNMA could not show the diligent search and inquiry necessary to justify constructive service.
The record indicates that FNMA twice attempted personal service on Mr. Su-dhoff, and the majority opinion relates the facts relating to FNMA’s affidavit of diligent search, including its claim of diligent search and inquiry of the residence and whereabouts of Mr. Sudhoffs spouse. Despite its acknowledgment that the Sudhoffs were married and together mortgaged the property, the record reflects no attempt to contact Ms. Sudhoff. This is troublesome because she claims she left her forwarding address with the postal service and, in light of the Sudhoffs’ pending dissolution proceeding in Duval County, may well have been able to provide FNMA with information to enable personal service on Mr. Sudhoff. At this point, I am not sure that FNMA could have shown that, , after diligent search, personal service could not be had.
FNMA’s affidavit of diligent search is facially sufficient. However, had its constructive service been challenged, it would have been the trial court’s duty to determine whether FNMA actually conducted an adequate search: “whether [it] reasonably employed the knowledge at his command, made diligent inquiry, and exerted an honest and conscientious effort appropriate to the circumstance to acquire the information necessary to enable him to effect personal service on the defendant.” Shepheard v. Deutsche Bank Trust Co. Ams., 922 So.2d 340, 343-44 (Fla. 5th DCA 2006) (quoting Demars v. Village of Sandalwood Lakes Homeowners Ass’n, 625 So.2d 1219, 1224 (Fla. 4th DCA 1993)). “Courts routinely hold that ‘proof of a few attempts at service of process are insufficient to prove diligent search.’ ” Id. at 344 (quoting Demars, 625 So.2d at 1221 (holding that two attempts at service of process did not show diligent search)). More important, it appears possible that FNMA did not follow a lead likely to reveal Mr. Sudhoffs location. “A diligent search for a defendant’s whereabouts requires inquiry of persons likely or presumed to know the defendant’s location.” Id. (citing Dor Cha, Inc., v. Hollingsworth, 876 So.2d 678, 680 (Fla. 4th DCA 2004)). Its failure to inquire of Ms. Sudhoff, the wife and co-mortgagor who allegedly left her forwarding address with the post office, may demonstrate a lack of “conscientious effort ... to acquire the information necessary to accomplish personal service on the persons holding title or having possession of the mortgaged property so as to provide them with notice of the proceedings.” Id. (quoting Floyd v. Federal Nat. Mortg. Ass’n, 704 So.2d 1110, 1112 (Fla. 5th DCA 1998)).
A judgment against a defendant based upon improper service by publication lacks authority of law. Such improper service renders the judgment either void or voidable. The judgment is void where the service of process is so defec *432 tive that it amounts to no notice of the proceedings. The judgment is voidable if the irregular or defective service actually gives notice of the proceedings.
Id. (citations omitted).
Here, we cannot determine whether the judgment as to Mr. Sudhoff was void, voidable, or neither based on FNMA’s constructive service. See, e.g., Godsell v. United Guaranty Residential Ins., 923 So.2d 1209, 1214-15 (Fla. 5th DCA 2006); Shepheard, 922 So.2d at 345; Floyd, 704 So.2d at 1112. This issue was previously irrelevant because the withdrawn opinion required FNMA to commence proper foreclosure proceedings. In contrast, the majority opinion now appears to prevent Mr. Sudhoff from challenging the possibly defective constructive service.
Such a holding is unnecessary. Consider Montero v. Duval Federal Savings and Loan Association of Jacksonville, 581 So.2d 938 (Fla. 4th DCA 1991). There, the court considered the denial of motions to quash service of process and vacate judgment of foreclosure. Montero, 581 So.2d at 938. The motion was brought by the wife who, with her estranged husband, owned the property at issue. Id. at 939. She was a party to the suit, but was improperly served. Id. As a result, the appellate court held that the judgment of foreclosure was void and ordered that the trial court vacate the judgment of foreclosure, certificate of sale, and certificate of title. Id. at 940. Like this court in its previous opinion, the Fourth District did so without a caveat addressing the effect of its holding on the husband. If the foreclosure judgment was void where the wife received improper substitute service, it should certainly be deemed void where she was never joined in the action in the first place. While Montero differs from this case in that the wife was a party, the effect of the previous opinion and Montero on the husbands’ interests was the same.
Finally, I am concerned about creating incentives for sloppy or non-existent service of process. The previous opinion broke no new ground by holding that a mortgagor is a necessary party unless she has assigned all interests in the property and no deficiency is sought, and that the judicial sale and foreclosure judgment must be set aside where FNMA did not comply with well-settled law governing foreclosure. In contrast, after granting FNMA’s motion for rehearing, we have ratified FNMA’s potentially insufficient constructive service on Mr. Sudhoff. We reverse the order denying Ms. Sudhoffs motion to intervene, but appear to leave open the question of whether she can prevail against the foreclosure judgment and judicial sale, despite FNMA’s unilateral refusal to provide her the notice to which she was entitled by contract and caselaw. We give our imprimatur to FNMA’s decision, by excluding Ms. Sudhoff from foreclosure proceedings, to effectively treat Florida’s requirement that a spouse join in the alienation of homestead property as an empty formality.
FNMA suggested that the previous opinion created “a new right of redemption and a property ownership interest where none previously existed.” But the opinion did not delve into Ms. Sudhoffs ownership interests, whatever they may be.[2] Rather, the opinion addressed only the equity of redemption; not a “new equity,” but that explicitly provided for Ms. Sudhoff in the mortgage document. The previous opinion warned mortgagees to conduct proper foreclosure proceedings that do not violate due process. In contrast, I am concerned *433 that this opinion may encourage insufficient service of process such as that here. For these reasons, I would deny the motion for rehearing.

. E.g., Maniscalco v. Hollywood Fed. Sav. & Loan Ass’n, 397 So.2d 453, 455 (Fla. 4th DCA 1981).

. I agree with the majority that the issues of marital property, homestead, or abandonment of homestead are appropriately left for proceedings in which Ms. Sudhoff is a party.