# Third District Court of Appeal
## State of Florida

Opinion filed August 13, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-2130
Lower Tribunal No. 23-18664-CA-01
_____

**Stephen Grudenic,**
Appellant,

vs.

**Sundeep Singh,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Charles Kenneth Johnson, Judge.

Stephen Grudenic, in proper person.

Weiss Law Group, P.A., and Jason S. Weiss (Coral Springs), for appellee.

Before EMAS, LINDSEY and BOKOR, JJ.

EMAS, J.

Stephen Grudenic, the pro se defendant below and on appeal, challenges the trial court's order which, following an evidentiary hearing, denied his motion filed pursuant to Florida Rule of Civil Procedure 1.540(b), seeking to vacate a default final judgment entered against him in an action instituted by the plaintiff below, Sundeep Singh.

Grudenic contends that the constructive service of process by publication was insufficient because Singh (1) filed a facially insufficient affidavit of diligent search; and (2) failed to conduct a diligent search to discover Grudenic's residence address prior to effectuating service by publication.

Generally, the standard of review of an order granting or denying a motion to vacate a default judgment is gross abuse of discretion. See Rodriguez v. Falcones, 314 So. 3d 469, 471 (Fla. 3d DCA 2020) ("An order granting a motion to vacate a default final judgment is reviewed for a gross abuse of discretion.") (citing Chetu, Inc. v. Franklin First Fin., Ltd., 276 So. 3d 39, 41 (Fla. 4th DCA 2019); Lewis v. Fifth Third Mortg. Co., 38 So. 3d 157 (Fla. 3d DCA 2010); Bequer v. Nat'l City Bank, 46 So. 3d 1199, 1201 (Fla. 4th DCA 2010); and LPP Mortg. Ltd. v. Bank of Am., N.A., 826 So. 2d 462, 463-64 (Fla. 3d DCA 2002)).

Upon our review, the trial court correctly determined that the affidavit of diligent search, filed pursuant to section 49.041, Florida Statutes (2023), was sufficient on its face. The record documents before the trial court also included returns of non-service, in which the process server certified service of process was attempted on Grudenic at three different residential addresses in Miami-Dade County, on seventeen different dates between July 13 and September 26, 2023. We find no error in the trial court's determination that the affidavit of diligent search complied with section 49.041 and was facially sufficient. See generally Demars v. Village of Sandalwood Lakes Homeowners Ass'n, Inc., 625 So. 2d 1219 (Fla. 4th DCA 1993).

In addition to contesting the facial sufficiency of the affidavit, Grudenic challenged the adequacy of Singh's diligent search, contending that Singh failed to conduct an adequate search to locate an address at which to personally serve Grudenic. Id. at 1224; see also Green Emerald Homes, LLC v. Bank of New York Mellon, 204 So. 3d 512, 515 (Fla. 4th DCA 2016) ("Where constructive service is attempted, the trial court must determine both whether the affidavit of diligent search filed by the plaintiff is legally sufficient, and whether the plaintiff conducted an adequate search to locate the defendant. Giron v. Ugly Mortg., Inc., 935 So. 2d 580, 582 (Fla. 3d DCA

2006). Substitute service is unauthorized if personal service could be obtained through reasonable diligence; the test is 'whether the complainant reasonably employed knowledge at his command, made diligent inquiry, and exerted an honest and conscientious effort appropriate to the circumstances, to acquire the information necessary to enable him to effect personal service on the defendant.'" quoting Coastal Cap. Venture, LLC v. Integrity Staffing Sols., Inc., 153 So. 3d 283, 285 (Fla. 2d DCA 2014) (additional citation omitted)).

To that end, the trial court conducted an evidentiary hearing and thereafter entered the instant order on appeal, denying Grudenic's motion to vacate the default final judgment.[1]

---

[1] Grudenic also appeals that aspect of the trial court's order which denied Grudenic's motion for sanctions (including dismissal of the action and monetary relief against plaintiff's counsel). Singh contends this aspect of the order is nonfinal and nonappealable. However, in this post-decretal context, we conclude we have jurisdiction. See Clearwater Fed. Sav. & Loan Ass'n v. Sampson, 336 So. 2d 78, 79 (Fla. 1976) (holding: "An interlocutory order entered after judgment, post decretal order, is not to be confused with one entered during the pendency of the proceedings before final judgment. Post decretal orders are not true interlocutory orders, and perhaps the term 'interlocutory' is a misnomer. Where an order after judgment is dispositive of any question, it becomes a final post decretal order. To the extent that it completes the judicial labor on that portion of the cause after judgment, it becomes final as to that portion and should be treated as a final judgment. . . .") (internal citation omitted); Nat'l Equity Recovery Servs., Inc. v. Williams, 962 So. 2d 977, 978 n. 1 (Fla. 3d DCA 2007) (treating petition for writ of certiorari from post-judgment disbursement order as a plenary appeal because it ended judicial labor on that portion of the case after judgment).

4

Significantly, Grudenic has failed to provide a transcript of that evidentiary hearing. Such failure is fatal to this appeal, as the absence of a transcript prevents this court from reviewing the trial court's factual determinations and assessing whether there is competent substantial evidence to support the trial court's ultimate determination that Singh acted with reasonable diligence attempting to locate an address at which personal service could be effectuated upon Grudenic. Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150, 1152 (Fla. 1979) ("The question raised by [appellant] clearly involves underlying issues of fact. When there are issues of fact the appellant necessarily asks the reviewing court to draw conclusions about the evidence. Without a record of the trial proceedings, the appellate court cannot properly resolve the underlying factual issues so as to conclude that the trial court's judgment is not supported by the evidence or by an alternative theory. Without knowing the factual context, neither can an appellate court reasonably conclude that the trial judge so misconceived the law as to require reversal."); Umana v. Citizens Prop. Insur. Corp., 282 So. 3d 933, 934-35 (Fla. 3d DCA 2019) (holding: "The absence of a hearing

We affirm without additional discussion the trial court's order denying this "Combined Motion for Sanctions," which the trial court rendered following the evidentiary hearing at which both of Grudenic's motions were scheduled to be heard.

5

transcript at which the trial court made this decision prevents any meaningful review of whether the trial court abused its discretion in this regard") (citing Applegate, 377 So. 2d 1150); see also Scognamillo v. Jamison, 389 So. 3d 624, 625 (Fla. 3d DCA 2023) ("In the absence of an adequate transcript on appeal, a judgment that is not fundamentally erroneous must be affirmed.").

Affirmed.