CARROLL, DONALD K., Judge.
The defendant in a divorce suit has appealed from a final decree entered by the *394 Circuit Court for Putnam County dismissing her complaint in the nature of a bill of review seeking to set aside a divorce decree previously entered against her by the said court.
The question presented for our determination in this appeal is whether the chancellor, in entering the said final decree, abused his judicial discretion in view of the evidence adduced by the parties under the issues raised by the appellant’s said complaint.
The principal grounds stated in the said complaint for setting aside the divorce decree are that the appellee’s affidavit in support of constructive service in the divorce suit was false in that he had not made the diligent search and inquiry required by Section 48.04, Florida Statutes, F.S.A., as the predicate for constructive service of process, and that the appellee’s sworn testimony that he had not lived with the appellant since August of 1957 was false and perjured.
Sec. 48.04, which is involved in the first ground for relief, provides, in conjunction with other provisions of Chapter 48, Florida Statutes, F.S.A., that service of process by publication may be had in divorce suits and certain other proceedings, but that, as a condition precedent to such service against a natural person, there shall be filed in the cause a sworn statement of the plaintiff, his agent, or his attorney showing, among other things, that “diligent search and inquiry have been made to discover the name and residence of such person * * (Secs. 48.01, 48.03, and 48.04.)
Appended to the appellee’s complaint seeking the divorce was an affidavit which he executed for the stated purpose of serving the defendant, the appellant herein, by publication in accordance with the requirements of the cited Florida laws. In this affidavit he states, among other things, that he had made “diligent search and inquiry” as to -the defendant’s residence, but had been “unable to ascertain the same,” and that “the address, residence or place of abode of the defendant is to me wholly unknown.” On the basis of this affidavit and in accordance with the above-mentioned provisions of Chapter 48, Florida Statutes, F.S.A., service of process by publication in the divorce suit was had upon the defendant, and in his final decree divorcing the parties, the chancellor held that the court had “jurisdiction of the parties and the subject-matter of this cause.”
In all fairness to both parties in the present appeal, it must be admitted that the evidence adduced by them before the chancellor on the issue of whether the appellee had made the “diligent search and inquiry” to ascertain the residence of the appellant prior to filing his divorce suit, is susceptible of reasonable inferences that would support a conclusion either way on this issue, de-' pending upon whose testimony the trier of the facts saw fit to accept as credible. Under such circumstances, unless we should find that the chancellor clearly abused his sound judicial discretion, our appellate responsibility is to determine whether there was sufficient substantial and competent evidence before him to support his holding in the final decree appealed from that the equities are with the appellee, and dismissing the appellant’s complaint in the nature of a bill of review. Implicit in the said holding is a finding that the appellant had failed to carry her burden of proving by a preponderance of the evidence that the ap-pellee had not made the diligent search and inquiry required by Chapter 48 as a condition precedent to serving process upon the appellant by publication in the divorce suit.
 We have reviewed all of the evidence before the chancellor relevant to the issue of the appellee’s diligent search and inquiry, and think that there is sufficient substantial and competent evidence to support the above implicit holding in the final decree appealed from. For instance, the ap-pellee testified that several months before filing his divorce suit- the appellant telephoned him that she had sold her house in *395 Miami and was going away where nobody would ever find her again; that he received numerous hills from creditors in Miami, including the city’s utility department and a large department store, which had been unable to locate her; and that he had made several unsuccessful efforts to ascertain her address. The foregoing testimony, together with other evidence before the chancellor, is, in our opinion, sufficient to support his implicit finding that the ap-pellee had made the required diligent search and inquiry, under the standards recognized by the Supreme Court of Florida in McDaniel v. McElvy, 91 Fla. 770, 108 So. 820, 51 A.L.R. 731 (1926), as follows:
“The test, however, is not whether it was in fact possible to effect personal service in a given case, but whether the complainant reasonably employed knowledge at his command, made diligent inquiry, and exerted an honest and conscientious effort appropriate to the circumstances, to acquire the information necessary to enable him to effect personal service on the defendant.”
With reference to the allegations of the diligent search and inquiry as required by the constructive service statute, and the quantity and quality of the proof in support of such allegations, the Supreme Court further said in the McDaniel case, supra:
“But, while allegations of a categorical nature which follow the words of the statute are sufficient as a predicate for the issuance of the order of publication, the chancellor is not thereby precluded from requiring appropriate proof of those allegations, as any other allegations, as a prerequisite to the entry of a decree. What and how much evidence the court shall require to satisfy it upon the question of due diligence in these matters rests largely with the court granting the order. Extraordinary steps to ascertain the whereabouts of the party are not required. But judgments which exclude persons from any interest in -or lien upon land should not be rendered without actual notice, when by the exercise of reasonable diligence actual notice can be given. Reasonable diligence in such matters is an honest effort, and one appropriate to the circumstances, to ascertain whether actual notice may be given, and, if so, to give it. Such effort, however, need not embrace a search in remote parts of the state (Jacob v. Roberts, 223 U.S. 261, 32 S.Ct. 303, 56 L.Ed. 429); and it is not essential that all possible or conceivable means should be used. But the effort should usually extend to inquiry of persons likely or presumed to know the facts sought.”
As stated above, the second principal ground for relief alleged in the appellant’s complaint in the nature of a bill of review is that the testimony of the appellee in the said divorce suit was false and perjured in that he swore that the parties had not lived together since August of 1957 and in that he swore that he had tried to contact the appellant for the purpose of effecting a reconciliation but he could not find out where she lived; while the truth was that, although the parties separated in 1957, they became reconciled in December of that year and bought a home in Miami and lived together for about six months; and hence that the divorce decree was based upon false and fraudulent testimony.
In this appeal the appellant contends that a divorce decree that has been fraudulently obtained should be set aside in an appropriate proceeding, such as the present one in the nature of a bill of review. This general proposition is true, of course, but it is also true that the party initiating such a proceeding (the appellant here) has the burden of proving by a preponderance of the evidence that’ the divorce decree was thus fraudulently obtained.
The rules applicable to our review of the final decre appealed from herein were well summarized by the District Court of Appeal, Third District of Florida, in the recent *396 case of Nadiak v. Nadiak, 172 So.2d 253 (1965). In that case the husband appealed from an order of the Dade County Circuit Court denying his petition for modification of a divorce decree previously entered by that court. With reference to the appellant’s points on appeal the District Court of Appeal said:
“On our consideration thereof in the light of the record we conclude the appellant has failed to demonstrate error, and that the order appealed from should be affirmed. The order comes here with a presumption of correctness. Odom v. Barrett, Fla.1953, 67 So.2d 200, 201; Picchi v. Picchi, Fla.1958, 100 So.2d 627, 629; Frell v. Frell, Fla.App. 1963, 154 So.2d 706, 709; Global Aero Service, Inc. v. Lloyd Aereo Boliviano, S.A., Fla.App.1963, 157 So.2d 708, 709. It deals with matters which are regarded as being within the sound judicial discretion of the chancellor, and one who challenges the correctness of such rulings of a chancellor has the burden of showing abuse of discretion. Pross v. Pross, Fla.1954, 72 So.2d 671, 672; Lauderdale v. Lauderdale, Fla.App.1957, 96 So.2d 663, 665; Gilbert v. Gilbert, Fla.App.1958, 105 So.2d 379; Dworkis v. Dworkis, Fla.App.1959, 111 So.2d 70, 75, 72 A.L.R.2d 1189.”
There was evidence both ways before the chancellor on the question of whether or not the appellee’s said testimony was false or not, but the chancellor, as the trier of the facts, apparently found that the appellant had failed to establish such falsity, for he held the equities to be with the ap-pellee and dismissed the appellant’s complaint. Since we think that there was sufficient substantial, competent evidence before the chancellor from which he could reasonably find as he did, we are not authorized in this appeal to substitute our judgment for his, and we cannot say that he clearly abused his judicial discretion in so finding.
For the foregoing reasons the final decree appealed from herein must be and it is
Affirmed.
WIGGINTON, Acting C. J., and STURGIS, J., concur.