305 So.2d 801 (1975)
Irene CANZONIERO, Appellant,
v.
Michael J. CANZONIERO, Appellee.
No. 73-1441.
District Court of Appeal of Florida, Fourth District.
January 10, 1975.
Peter N. Hanna, Fort Lauderdale, for appellant.
Craig M. Haverfield of Marko, Stephany & Lyons, Fort Lauderdale, for appellee.
WALDEN, Judge.
This is an appeal brought by a seventy-two year old wife from a dissolution of marriage judgment which was based upon constructive service. The dispositive appellate question is whether such service was perfected so as to give the court jurisdiction. Finding the procedure to have been defective, we reverse.
*802 The controlling statute is Fla. Stat. 49.041 (1973):
"49.041 Sworn statement, natural person as defendant.  The sworn statement of the plaintiff, his agent or attorney, for service of process by publication against a natural person, shall show:
"(1) That diligent search and inquiry have been made to discover the name and residence of such person, and that the same is set forth in said sworn statement as particularly as is known to the affiant; and

"(2) Whether such person is over or under the age of twenty-one years, if his age is known, or that his age is unknown; and
"(3) In addition to the above, that the residence of such person is, either:
"(a) Unknown to the affiant; or
"(b) In some state or country other than this state, stating said residence if known; or
"(c) In the state, but that he has been absent from the state for more than sixty days next preceding the making of the sworn statement, or conceals himself so that process cannot be personally served upon him, and that affiant believes that there is no person in the state upon whom service of process would bind said absent or concealed defendant." (Emphasis supplied.)
The husband's sworn affidavit thereunder provided:
"... that he has made diligent search and inquiry to discover the residence of the said Respondent, and that the residence of said Respondent is ... 405 Hartsdale Road, Hartsdale, New York."
The mailed process to the sworn place of the wife's residence was returned with postal stamp, "Addressee Unknown." A default was entered against the wife on June 27, 1973.
It appears from the record without contradiction that the parties had been separated over ten years, at which time the husband moved to Florida. Their residence at time of separation was 405 Hartsdale Road, Hartsdale, New York, a place they had lived for seven months. The husband, when asked if he had made any search and inquiry to discover if the address contained in his affidavit for constructive service was correct, answered without qualification, "No, I didn't." The stale address resulted.
And from the foregoing it is concluded that the husband's affidavit was false in that, not only did he not make a diligent search, he made no search.
What could he have done? The parties have four adult children. The affidavit of one son suggests the answer; he could have written to his children and readily obtained her proper place of residence. James G. Canzoniero swore:
"This is to verify that my father, Michael J. Canzoniero, was aware of the existing address of my mother, Irene Canzoniero residing at 26L Springvale Road, Croton on Hudson, New York, 10521, when his lawyer sent the original papers for divorce to the wrong address.
"He has been in contact with his children over the last several years. He has also been in contact with his brother, Amerigo Canzoniero; who resides in Brooklyn, New York and his sister Mrs. Luisa Suriani; residing in Ft. Lauderdale, Florida. During the past nine years of his estrangement, his children have either visited him or been in contact with my father. In January, 1972, my brother Joseph and I met with him during one of our visits to Florida. In conversation we brought up the subject of my mother, as was the case in the previous meetings with my father, and her living at the Senior Citizens Apartments in Springvale.
"With the foregoing information there was no reason for his sending the divorce *803 papers to the wrong address. Thereby, not giving us sufficient time to act upon the papers before the day of default."
What is the husband's position? It appears from his counsel's statement that when process was returned unserved, counsel obtained from the husband the address of his two sons. Counsel then mailed the process to the sons, saying, "Pursuant to instructions received from your father, Michael Canzoniero, we include petition for dissolution of marriage and notice of constructive service. Please deliver these to your mother, Irene." Then following default, the Clerk of Court notified the son that his mother should take some action.
Without citation of authority the husband contends that these subsequent communications to the sons constituted some kind of constructive service and that, thereby, the wife received actual notice; he urges these events cured the conceded deficiency in the statutory effort. We disagree.
The constructive service statutes must be strictly construed in order to give the court jurisdiction. McGee v. McGee, 156 Fla. 346, 22 So.2d 788 (1945); Gribbel v. Henderson, 151 Fla. 712, 10 So.2d 734 (1942), aff'd 153 Fla. 397, 14 So.2d 809 (1943); McDaniel v. McElvy, 91 Fla. 770, 108 So. 820 (1926); Crews v. Rohlfing, 285 So.2d 433 (3d D.C.A.Fla. 1973); Naples Park-Vanderbilt Beach Water District v. Downing, 244 So.2d 464 (2d D.C.A.Fla. 1971); Gmaz v. King, 238 So.2d 511 (2d D.C.A.Fla. 1970); Green v. Nashner, 216 So.2d 492 (3d D.C.A.Fla. 1968). Further, the court should satisfy itself of the bona fides of the plaintiff in attempting to make constructive service. Minick v. Minick, 111 Fla. 469, 149 So. 483 (1933); McDaniel v. McElvy, supra; Green v. Nashner, supra; Larsen v. Larsen, 180 So.2d 393 (1st D.C.A.Fla. 1965). With reference to the diligent search and inquiry requirement of the statute to determine the defendant's place of residence, the test is whether the complainant reasonably employed the knowledge at his command, made diligent inquiry, and exerted an honest and conscientious effort appropriate to the circumstance to acquire the information necessary to enable him to effect personal service on the defendant. Gribbel v. Henderson, supra; Larsen v. Larsen, supra.
It is our opinion that the husband failed to comply with the requirements of Fla. Stat. 49.041 (1973) in a material and substantial way. Because of this the trial court lacked jurisdiction over the wife causing us to reverse the final judgment of dissolution.
Reversed.
DOWNEY, J., and NEWELL, EMERY, Associate Judge, concur.