647 So.2d 211 (1994)
Barry BATCHIN, Appellant,
v.
BARNETT BANK OF SOUTHWEST FLORIDA and Ann Kelz, Appellees.
No. 93-02186.
District Court of Appeal of Florida, Second District.
August 5, 1994.
*212 Harold W. Scovill, Sarasota, for appellant.
Christine E. Lamia of Abel, Band, Russell, Collier, Pitchford & Gordon, Chartered, Sarasota, for appellee Barnett Bank of Southwest Florida.
James L. Essenson, Sarasota, for appellee Ann Kelz.
BY ORDER OF THE COURT:
Upon consideration of appellee, Barnett Bank of Southwest Florida's, motion for rehearing or, in the alternative, motion for clarification filed on April 27, 1994, it is
ORDERED that the motion for rehearing and clarification is granted in part and denied in part and the prior opinion filed April 15, 1994, is withdrawn. The attached opinion is substituted for it.
RYDER, Acting Chief Judge.
Barry Batchin challenges the trial court's order vacating a temporary injunction and denying his motion for relief in this foreclosure action. Mr. Batchin argues that the service of process by publication in this action was defective and that the trial court could not, therefore, enter a valid judgment of foreclosure. We agree with Mr. Batchin and reverse.
Barry Batchin is the only child of Morris Batchin. Morris died in May 1990, a resident of Charlotte County, Florida. Sometime earlier, Morris had executed a mortgage in favor of Barnett Bank of Southwest Florida, encumbering real property in Sarasota County. Barnett instituted this mortgage foreclosure action against Morris Batchin in December 1991. When Barnett attempted to personally serve process on Morris, Barry advised the process server that his father was deceased. This information is stated on the return of service.
Barnett continued to prosecute the foreclosure action. On May 8, 1992, it personally served Barry with a notice of deposition at an address on Deltona Drive in Punta Gorda, the same address where it had previously attempted service on Morris. Barry appeared at the deposition on May 13, 1992. He testified that he resided at the Deltona Drive address, and also stated his telephone number. Barry advised the attorney for Barnett that he was Morris's only heir. Morris had executed a will under which Barry was sole beneficiary and designated personal representative, but Barry had not probated the will. The will was marked for identification during the deposition. The time records of the law firm representing Barnett showed that one of its attorneys prepared a letter to Barry and talked with him on the telephone in May 1992.
On July 14, 1992 another attorney from the same law firm filed an affidavit in support of service by publication. This affidavit recited that Morris had died, and attached a copy of his death certificate. The affidavit continued:
Affiant believes that there are persons who are or may be interested in the property which forms the subject matter of this foreclosure action and whose names, after diligent search and inquiry, are unknown to Affiant, and that same unknown parties may claim an interest as heirs, devisees, grantees, assignees, lienors, creditors, trustees or other claimants by, through or against Defendant, Morris Batchin.
At the same time, Barnett changed the defendant in the case from "Morris Batchin" to "Morris Batchin, and all parties claiming interests by, through, under or against Morris Batchin, including any unknown spouse, heirs, devisees, grantees, creditors or other claimants." Notice of the action was published in the Sarasota edition of the Sarasota Herald Tribune four times during the month of August 1992. When no one responded to the published notice, Barnett moved the court for appointment of a guardian ad litem to represent Morris's interests. The court appointed a guardian, who filed an answer on behalf of Morris. Final summary judgment of foreclosure in favor of Barnett was entered on October 12, 1992. Appellee Ann Kelz subsequently purchased the property at the foreclosure sale on December 17, 1992.
*213 On December 28, 1992 Barry Batchin moved to enjoin the issuance of a certificate of title to the property. He asked the court to determine that he was the legal owner of the equity of redemption in the property, either as Morris's intestate heir or as the beneficiary under Morris's will. He also requested that Barnett be required to reforeclose the property in order to cut off his equity of redemption. In support of his motion, he alleged that Barnett had not personally served him with the foreclosure complaint, even though Barnett knew or should have known of his existence and his relationship to Morris. The trial court initially entered a temporary injunction, but later vacated it. It also denied Mr. Batchin's objection to issuance of title certificate, motion for order of reforeclosure and motion for relief from judgment.
Service by publication is permitted in foreclosure actions, but only where personal service cannot be had. §§ 49.011 and 49.021, Fla. Stat. (1991). A sworn statement is a condition precedent to such service. § 49.031, Fla. Stat. (1991). A party seeking service under chapter 49 may choose from four different types of sworn statements, depending on the status of the defendant. §§ 49.041, 49.051, 49.061 and 49.071, Fla. Stat. (1991). Curiously, Barnett apparently proceeded under section 49.071, which states the requirements for the sworn statement when relief is demanded against unknown parties.
We require strict compliance with the statutory procedures for service by publication. Gmaz v. King, 238 So.2d 511 (Fla. 2d DCA 1970). Section 49.071 mandates a diligent search for the names of interested parties. The test for a diligent search is "whether the complainant reasonably employed the knowledge at his command, made diligent inquiry and exerted an honest and conscientious effort appropriate to the circumstance to acquire the information necessary to enable him to effect personal service on the defendant." Canzoniero v. Canzoniero, 305 So.2d 801, 803 (Fla. 4th DCA 1975). We cannot conceive of a situation where a lawyer's diligent search would not require a review of his own law firm's activities on behalf of the client seeking service by publication. At the very least, the search conducted here did not meet the standard of reasonable diligence.
Any action by a court against a defendant based upon improper service by publication is without authority of law. Klinger v. Milton Holding Co., 136 Fla. 50, 186 So. 526 (Fla. 1938). Because Barnett's affidavit was insufficient to support valid service by publication, we hold that the lower court had no authority to enter the judgment of foreclosure. If Barnett wishes to reforeclose its mortgage, it must begin the process again and either personally serve Barry Batchin, or if it is unable to do so, file a sworn statement of diligent search that complies with chapter 49. See Demars v. Village of Sandalwood Lakes Homeowners Ass'n, Inc., 625 So.2d 1219, 1224 n. 3 (Fla. 4th DCA 1993) ("the better practice is to file an affidavit of diligent search which contains all of the details of the search").
Because we base our decision on the fact that the lower court did not have authority to enter the judgment, we will not address the arguments Ms. Kelz, the purchaser at the foreclosure sale, raised on appeal. Additionally, none of the parties to this appeal have addressed the problem of whether the trial court's judgment of foreclosure would be void or voidable. See Demars. This distinction is important when title to the property affected by the judgment has passed to a bona fide purchaser for value. We need not address that question in this case because Ms. Kelz was not a bona fide purchaser for value; she had actual notice of Barry Batchin's claim to the property one day before the certificate was originally to issue. See Waldorrf Ins. & Bonding, Inc. v. Eglin Nat. Bank, 453 So.2d 1383 (Fla. 1st DCA 1984). The record does not disclose whether a certificate of title has been issued to Ms. Kelz. If one has issued, it must be cancelled.
Reversed and remanded to the trial court for proceedings consistent with this opinion.
PARKER and LAZZARA, JJ., concur.