659 So.2d 1208 (1995)
INTERCARGA INTERNACIONAL DE CARGA, S.A., etc., et al., Appellants,
v.
The HARPER GROUP, INC., etc., et al., Appellees.
No. 95-36.
District Court of Appeal of Florida, Third District.
August 23, 1995.
*1209 Warren P. Gammill, Miami, for appellants.
Hyman & Kaplan and Edoardo Meloni, Miami, for appellees.
Before NESBITT, GERSTEN, and GODERICH, JJ.

Corrected Opinion
PER CURIAM.
The opinion filed June 21, 1995 is withdrawn, and this opinion is substituted in its place.
An Ecuadorian cargo company, Intercarga Internacional De Carga, S.A. (Intercarga) and one of its officers, German Patricio Ruiz, seek reversal of an order denying their motion to vacate default, abate or dismiss action for lack of personal jurisdiction under sections 48.181 and 48.193, Florida Statutes (1993), Florida's long arm statute, as well as quash service of process for failure to comply with the process provisions of section 48.194, Florida Statutes (1993). The complaint was brought by Harper Group, Inc. and Circle Airfreight Corporation, freight forwarders, against Intercarga, a corresponding agent in Quito, Ecuador and Ruiz, an Intercarga officer. It charged ten counts including demands for accounting and inspection of records, and claims for payment for sums due, breach of contract, quantum meruit, as well as claims against Ruiz for self dealing and fraudulent misconduct. The trial judge disposed of the matter by denying Ruiz and Intercarga's motion. We conclude that this was error. The complaint, cast in conclusory terms, failed to set forth what, if anything, either party did or accomplished in Florida. Therefore, appellants' motions to quash service of process should have been granted and the default vacated.
The appellees, pointing to CommerceBank, N.A. v. Taylor, 639 So.2d 1058 (Fla. 3d DCA 1994), contend that in tracking the statutory language and alleging some unspecified Florida activity, their jurisdictional allegations were sufficient. CommerceBank, however, is a case about the failure to pay a simple promissory note. Therefore, the sparse allegations made in that case were not lethal. Here, on the other hand, the relationship between the parties spanned some ten years. There is no indication in the complaint what it is that Intercarga did in connection with serving as an agent to freight forwarders in Miami, and thus, the complaint as to this corporation and officer was fatally insufficient.
Our decision in Global Servicios, S.A. v. Toplis & Harding, Inc., 561 So.2d 674 (Fla. 3d DCA 1990), demonstrates in a parallel *1210 case that the simple trans-shipment of freight through Miami constitutes no more than a fortuitous event and cannot standing alone act as a basis for implementation of the long arm statute. In pleading a statutory cause of action or claim, it is true that it is generally sufficient to track the statutory language but adequate facts must also be pled to show how the statute has been activated.
Moreover, the allegations with respect to corporate officer Ruiz failed to show how Ruiz acted in any way other than for the furtherance of the business of his principal, Intercarga, so as to subject him to individual liability. See Doe v. Thompson, 620 So.2d 1004 (Fla. 1993) (long-arm jurisdiction did not exist over nonresident corporate officer whose negligent actions were not alleged to have been taken outside his duties as company's president). More facts would be required to show how Ruiz departed from his corporate responsibility and started serving himself, before a claim against him, individually, could be made.
Finally, with respect to the intentional torts claimed against Ruiz, the same problem permeates this complaint. If corporate checks were manipulated or mishandled, it is again difficult to discern whether this occurred with respect to Ruiz, individually, or as a corporate principal. Moreover, in such a long series of transactions, the complaint fails to allege any information to discern whether the events were isolated or continuous in nature.
Finding appellees failed to set forth sufficient allegations to show how Intercarga and Ruiz were subject to the jurisdiction of a Florida court under sections 48.181 and 48.193 Florida Statutes (1993), the order under review is reversed. See Venetian Salami Co. v. Parthenais, 554 So.2d 499, 502 (Fla. 1989). Without jurisdiction over these defendants, the default is void, and the defendants were under no obligation to defend the cause. The amended complaint is dismissed, the long-arm service of process is quashed, and the default is vacated. The trial court may grant leave for the appellees to amend, so that compliance with the statements made herein may be accomplished.
Reversed and remanded.