666 So.2d 249 (1996)
Bessie MYRICK, Appellant,
v.
Timothy WALTERS, Appellee.
No. 94-01240.
District Court of Appeal of Florida, Second District.
January 12, 1996.
*250 Ronald H. Schnell, St. Petersburg, for Appellant.
Nathaniel D. Hines, II, St. Petersburg, for Appellee.
WHATLEY, Judge.
The appellant, Bessie Myrick, challenges a final order which vacates a final judgment entered in this personal injury action, on the basis of defective service of process upon the appellee, Timothy Walters. Myrick contends not only that the trial court erred in vacating a settled final judgment, but that such error was particularly egregious because she was not given an opportunity to present evidence in opposition to the motion to vacate the judgment. We agree that the trial court improperly denied Myrick an opportunity to present evidence in this instance. We therefore reverse and remand for further proceedings.
In February 1990, Myrick filed a complaint against Walters, the sole proprietor of a restaurant known as Big Tim's Bar BQ, alleging that she fell and was injured at Walters' restaurant. When service of process was unsuccessfully attempted upon Walters, substitute service was purportedly effectuated on the assistant manager of Big Tim's Bar BQ.
Thereafter, a notice of trial addressed to Walters was mailed to the restaurant. Walters, however, did not appear at the ensuing nonjury trial, which resulted in a judgment against him in the amount of $26,123.50. The written final judgment, which was dated July 12, 1990, referenced Walters' failure to appear and indicated that service of process was made upon the manager of Walters' restaurant.
On November 17, 1993, Walters filed a motion to vacate the final judgment, alleging that he was not properly served with process and that the individual who received the summons and complaint did not have the authority to accept service for him. The motion to vacate, however, did not indicate when Walters actually acquired knowledge of the subject proceeding.
Pursuant to the filing of the motion, Walters' attorney scheduled a hearing and reserved fifteen minutes for argument. At the hearing, the entire fifteen minutes was used to present and examine Walters' witnesses. The time expired, however, before Myrick could present her witnesses. That fact notwithstanding, and despite the fact that Myrick requested a continuance until she could fairly and fully present her arguments, the trial court granted Walters' motion to vacate. A written order was entered accordingly, and Myrick filed a timely notice of appeal.
On appeal, Myrick primarily contends that there was effective service of process upon Walters. She argues that even if service were irregular in this instance, such irregularity would merely have rendered the resulting judgment voidable, and not void, because Walters still had sufficient notice of the proceeding against him. It is Myrick's ultimate contention that since a voidable judgment must be attacked within one year of entry pursuant to Florida Rule of Civil Procedure 1.140(b), Walters' motion to vacate, which was filed more than three years after entry of the judgment at issue, was untimely.
"A judgment entered without service of process is void and will be set aside and stricken from the record on a motion at anytime." Kennedy v. Richmond, 512 So.2d 1129, 1130 (Fla. 4th DCA 1987). In the same vein, a judgment is void "[i]f the original service or the return is so defective as to amount to no notice" of the proceedings at issue. Craven v. J.M. Fields, Inc., 226 So.2d 407, 410 (Fla. 4th DCA 1969) (emphasis in original). A judgment is merely voidable, "however, if the service or return is irregular but actually gives the defendant notice of the action or proceeding." Id.
In the instant case, Walters denies that he had any personal knowledge of the proceedings herein until long after entry of the final judgment. He also claims that Nathaniel Prince, the person who was actually served, had no authority to accept service of process on his behalf because Prince was not even employed by him at the time he received the summons and complaint. The limited record we have been furnished supports these assertions. Thus, assuming Walters' claims are true, service of process would *251 indeed have to be deemed so defective as to amount to no notice to Walters of the instant proceedings, and the resulting final judgment would thus be void.
Further, a potential problem arises with the return of service in that it indicates that the summons and complaint were served on the assistant manager of Big Tim's Bar BQ, in seeming contravention of section 48.031(2)(b), Florida Statutes (1989). Section 48.031(2)(b) requires that substitute service be made upon the manager of one "doing business as a sole proprietor." Statutes governing service of process are to be strictly construed. See Abbate v. Provident National Bank, 631 So.2d 312 (Fla. 5th DCA 1994). We are unable to find any decisions interpreting section 48.031(2)(b). To give purpose to this statute, we interpret the word "manager" to be the person left in charge in the absence of the sole proprietor. Otherwise, the sole proprietor could simply designate himself or herself manager, thus rendering the aspect of substitute service meaningless under the statute.
In the case before us, it is quite likely that Prince was not employed at Big Tim's on the date of attempted service. However, if he were employed on that date and was the person in charge, service would then be valid.
The foregoing notwithstanding, the ultimate difficulty is that the trial court did not give Myrick a sufficient opportunity to present evidence in opposition to Walters' motion to vacate. Though this court has not been supplied with a transcript of the hearing on the motion, Walters acknowledges that Myrick was not given an opportunity to present her case except by cross-examination of his witnesses. Since there is a possibility that Myrick could have refuted all of Walters' claims had she been permitted to present her evidence, we must remand for further proceedings.
Accordingly, the instant cause is reversed and remanded.
CAMPBELL, A.C.J., and BLUE, J., concur.