667 So.2d 890 (1996)
Bebe D. TINDAL, Appellant,
v.
Raymond VARNER and T. Mozelle Varner, his wife, Appellees.
No. 94-04092.
District Court of Appeal of Florida, Second District.
February 7, 1996.
Marshall C. Deason, Jr., and Jeanette L. Croley of Newman, Deason & Roland, P.A., Tampa, for Appellant.
Gerald A. Figurski of Figurski & Harrill, Holiday, for Appellees.
ALTENBERND, Judge.
Bebe D. Tindal appeals an order denying her motion to vacate a final default *891 judgment. Because of defects in the plaintiffs' constructive service of process, we reverse. See Batchin v. Barnett Bank of S.W. Florida, 647 So.2d 211 (Fla. 2d DCA 1994); Demars v. Village of Sandalwood Lakes, 625 So.2d 1219 (Fla. 4th DCA 1993).
On May 3, 1993, Raymond and T. Mozelle Varner filed this action for injunctive relief against Ms. Tindal. The complaint alleged that the Varners own land adjacent to Ms. Tindal's property on the Anclote River. Ms. Tindal allegedly constructed a commercial boat dock on her property that obstructed the Varners' property. As a result, the Varners sought an injunction requiring Ms. Tindal to remove or alter the boat dock.
The clerk issued a summons, describing Ms. Tindal's address as Duke's Fish Camp & Marina, Anclote Road, Tarpon Springs, Florida. Although Ms. Tindal does have a residence at that address, on several attempts in May 1993 a deputy sheriff was unable to serve her with the complaint at that address. His return of service indicates nonservice, and explains that Ms. Tindal's son said that she was out of town and had not been heard from in two weeks.
In August 1993, the Varners filed a sworn statement for constructive service pursuant to sections 49.031 and 49.041, Florida Statutes (1993), which tracks the statutory language without any extra information. The affidavit states that Ms. Tindal's name and residence are set forth "as particularly as is known to affiant." Nevertheless, no address for Ms. Tindal is provided in this affidavit. As a result, when the clerk of court later issued a notice of action for publication, that notice listed Ms. Tindal's address as "address unknown." The published notice did not contain Ms. Tindal's local address, even though that address was next door to the Varners' home. Because no address was provided, the notice was not mailed to Ms. Tindal's residence, as required by section 49.12, Florida Statutes (1993).
On October 27, 1993, the clerk entered a default on constructive service, and the trial court entered final judgment granting injunctive relief on January 14, 1994. In June 1994, Ms. Tindal filed her motion to set aside the judgment with an affidavit explaining that she had been in South Carolina from mid-April 1993 until mid-January 1994. Ms. Tindal averred that the Varners were involved in other litigation with her, and their attorney knew that she was represented by counsel in those cases. Two attorneys who represented Ms. Tindal in the other cases then filed affidavits stating that they had not been contacted concerning this case. Attached to one of the affidavits is correspondence to the Varners' attorney, written in September 1993, advising him that Ms. Tindal was out of state and ill. A copy of a letter from a doctor in South Carolina confirming her illness was attached to that correspondence.
The Varners argue that chapter 49 does not require them to make a diligent search for Ms. Tindal in South Carolina before resorting to service by publication. They contend that section 49.041 requires that they search diligently only for her "residence" and not for her current address. They knew where Ms. Tindal resided and were unable to serve her at that location. In this case, we do not need to decide whether it is constitutionally necessary for a party to search for the current address of a defendant, when the defendant is temporarily away from his or her residence, before relying upon service by publication.
Instead, it is well established that a plaintiff must strictly comply with the requirements of chapter 49 to obtain jurisdiction over a defendant by publication. Batchin, 647 So.2d at 213; Gmaz v. King, 238 So.2d 511 (Fla. 2d DCA 1970). Failure to strictly comply with these requirements renders a default judgment voidable. Demars, 625 So.2d at 1222. See § 49.031(3), Fla.Stat. (1993). Because Ms. Tindal's residence address was omitted in the Varners' sworn statement for constructive service and in the notice of action, the trial court erred when it refused to set aside this default judgment.
Reversed and remanded for further proceedings consistent with this opinion.
FRANK, A.C.J., and BLUE, J., concur.