677 So.2d 953 (1996)
Helen COHEN, Appellant,
v.
Zacharia DRUCKER, individually, and Drucker Construction of Florida, Inc., a dissolved Florida corporation, Appellees.
No. 96-1062.
District Court of Appeal of Florida, Fourth District.
July 31, 1996.
*954 Gary S. Phillips and Jeremy A. Koss of Phillips, Eisinger & Koss, P.A., Hollywood, for appellant.
Susan E. Trench of Goldstein and Tanen, P.A., Miami, and Michael M. Milo of Tunik & Company, Tel Aviv, Israel, for appellees.
PER CURIAM.
We affirm the order of the trial court vacating the defaults (and resulting default final judgments), and dismissing for insufficiency of service of process as to both defendants. The purported service on defendant Drucker Construction of Florida, Inc. (DCF) was so lacking in compliance with the requirements of sections 48.101 and 48.194, Florida Statutes (1991), as to render such service void.
As to defendant Zacharia Drucker individually, there was record evidence that he had actual knowledge of the proceedings, despite irregularities in service, so service on him was voidable, not void. Paleias v. Wang, 632 So.2d 1132 (Fla. 4th DCA 1994) (Klein, J., concurring). The complaint filed by Mrs. Cohen, however, failed to contain sufficient, non-conclusory allegations as to how defendant Drucker came within the long-arm jurisdiction of the Florida courts. As Drucker's affidavit reflects he is a citizen of Israel, where service was attempted, the complaint must state more than "Venue is proper in Broward County, Florida." Intercarga Internacional De Carga, S.A. v. Harper Group, 659 So.2d 1208 (Fla. 3d DCA 1995).
Finally, we deem the trial court's grant of the motion to vacate as constituting an implicit finding that defendants moved with due diligence to vacate the defaults. Under the facts of this case, we will not revisit this finding on appeal.
AFFIRMED.
POLEN and SHAHOOD, JJ., concur.
PARIENTE, J., dissents with opinion.
PARIENTE, Judge, dissenting.
The trial court in this case not only vacated the default judgment, but then dismissed the action, not for lack of personal jurisdiction, but for lack of service and service of process on defendant Drucker. In my opinion, the trial court erred because the default judgment was merely voidable, not void, and the motion to vacate was filed more than one year after the default judgment was entered. Furthermore, even if the default judgment were void, the motion to vacate was not filed within a reasonable time after defendants learned of the default judgment.
Deficiencies in the manner of service of process on Drucker rendered the judgment here voidable, not void. See Craven v. J.M. Fields, Inc., 226 So.2d 407, 409 (Fla. 4th DCA 1969); Myrick v. Walters, 666 So.2d 249 (Fla. 2d DCA 1996). Although there was an irregularity in the return of service in that the affidavit failed to indicate the manner of service, see § 48.194(1), Fla. Stat. (1995), Drucker does not allege that he lacked notice of the proceedings. The return of service of process was not so defective as to amount to "no notice" of the proceedings. See Craven.
I disagree with the majority that service on the corporation, Drucker Construction of Florida, Inc. (DCF), was so lacking in compliance with the requirements of sections 48.101 and 48.194 as to render service on the corporation void. The corporation was a dissolved corporation and Drucker was its president. Drucker does not deny that he was a director of the corporation or that he was authorized to receive process under section 48.101. Because Drucker was the president of DCF and because he did not allege that he lacked notice of the lawsuit, I do not agree that service of process on the dissolved corporation was so defective as to amount to no notice. The irregularities in the return of service merely rendered the judgment voidable. See Craven.
The majority concludes that as to Drucker individually, the judgment was void because *955 the complaint did not allege how Drucker came within the long-arm jurisdiction of Florida. However, the trial court did not find that there was no personal jurisdiction over defendants. The corporation was a Florida corporation of which Drucker was president. The complaint arose from a breach of contract and alleged that the cause of action accrued in Broward County, Florida. Although the jurisdictional allegations of the complaint may have been conclusory, the contract attached to the complaint provided that: DCF, a Florida corporation, was the general partner of B & D, a Florida general partnership; plaintiff was acquiring an interest in the Florida partnership; and Drucker was the principal and officer of the Florida corporations and the managing general partner of the Florida general partnership.
Under Venetian Salami v. Parthenais, 554 So.2d 499 (Fla.1989), allegations of jurisdiction in a complaint can be conclusory if the allegations fit within one of the statutory bases for long-arm jurisdiction. It is only when these allegations are attacked by affidavit that a plaintiff must prove by affidavit the basis of jurisdiction. If the allegations are conflicting, then the trial court must hold an evidentiary hearing. Id. With no evidentiary hearing in this case and without a determination by the trial court on the issue of personal jurisdiction, I do not find it appropriate to conclude that the judgment is void for lack of personal jurisdiction.
Even if the judgment were void rather than merely voidable, the record does not support a finding that defendants acted within a reasonable time in setting aside the judgment, a prerequisite for granting relief pursuant to Florida Rule of Civil Procedure 1.540(b). See Polani v. Payne ex rel. Prudential Property & Cas. Ins. Co., 654 So.2d 202 (Fla. 4th DCA 1995). Although a party seeking relief from a void judgment is not subject to the one-year limitation imposed for motions made pursuant to rule 1.540(b)(1),(2) or (3), it is still subject to a "reasonable time" requirement. Polani; Craven. The rule specifically provides that the motion "shall be made within a reasonable time."
The transcript of the trial court's nonevidentiary hearing reveals that the only basis for granting the motion to vacate was its finding that "process, in-service process was insufficient." Although the issue of diligence was raised by plaintiff, whether defendants acted within a reasonable time was never addressed by the trial court. The affidavit of plaintiff's husband demonstrates affirmatively that Drucker was aware of the lawsuit immediately after he was served in November 1992 and that settlement discussions then ensued. Further, plaintiff's counsel indicated by affidavit that he had been contacted by Drucker's counsel in March 1994 regarding the subject lawsuit and settlement of the lawsuit. On April 14, 1994, plaintiff's counsel advised Drucker's counsel by letter that a final judgment had been entered. Yet it was not until December 4, 1995almost twenty months laterthat Drucker and DCF moved to vacate the default final judgment.
Defendants never countered these allegations, but alleged only that Drucker diligently took steps to have the default judgment set aside when plaintiff filed to enforce the default judgment in Israel. The problem with defendants' position is twofold. First, the operative date for determining timeliness is when defendants learned a default or default judgment had been entered. Second, even defendants' affidavit establishes that defendants did not move to set aside the default judgment until six months after plaintiff's May 1995 attempt to enforce the judgment in Israel.
Based on defendants' failure to move to vacate within a reasonable time, I would reverse the trial court's order. At a minimum, I would require that an evidentiary hearing be held on the issues of notice to defendants of the lawsuit, whether defendants acted within a reasonable time in seeking relief from judgment after receiving notice, and whether defendants had sufficient minimum contacts with Florida to subject them to personal jurisdiction here.
Finally, I note that defendants in their motion to vacate not only alleged that the default judgment was void but also raised allegations which would fall within rule 1.540(b)(5). However, this alternative ground was not addressed by the trial court or by the parties on appeal. I would remand *956 for the trial court to consider these alternative grounds as well.