704 So.2d 1110 (1998)
Kenneth FLOYD, Faye Floyd, et al., Appellants,
v.
FEDERAL NATIONAL MORTGAGE ASSOCIATION, etc., et al., Appellees.
No. 97-361.
District Court of Appeal of Florida, Fifth District.
January 9, 1998.
*1111 Laurence H. Bartlett, Daytona Beach, for Appellants.
Paula Pratt of Winderweedle, Haines, Ward & Woodman, P.A., Winter Park, for Appellees.
PETERSON, Judge.
Kenneth Floyd, Kevin Floyd, Faye Floyd, and Vernon Chiress a/k/a Vernon Floyd, appeal a post-judgment final order denying their "Motion to Vacate Final Judgment and Set Aside Foreclosure Sale."
The appellee, Federal National Mortgage Association ("FNMA"), filed a complaint to foreclose its first mortgage against Pamela S. Johnson f/k/a Pamela S. Floyd in January 1995. The mortgage in the original principal amount of $11,100 was executed in 1968 by Pamela and her then husband, Vernon Floyd, and encumbered their family home located at 625 Willie Mays Drive, in Daytona Beach. The Floyds divorced in 1977, Vernon quitclaimed his interest in the home to Pamela, and she continued to live in it with the couple's three children until her death in 1983. Vernon, now known as Vernon Chiress, moved back into the home after Pamela's death in order to care for the children and began making the FNMA mortgage payments until 1994. In that year, the mortgage, then having a principal balance of $3,045.96, went into default, and prompted the January, 1995 foreclosure complaint. Vernon and his children, who by then had attained majority, were residing in the family home at the time.
Attempted personal service of the complaint upon Pamela was unsuccessful, not because she was deceased, but because the sheriff's process server could not locate the property. FNMA's attorney alleges that she made attempts to confirm the death of Pamela and to locate her heirs and she was able to learn from the Social Security Administration that Pamela was indeed deceased, but she could not find a death certificate on file in Volusia County or with Vital Statistics in Jacksonville. Similarly, neither a will nor probate of the estate could be located.
FNMA and its attorney were aware that Vernon was interested in the property because Vernon had contacted them about reinstating the mortgage before foreclosure was initiated. On February 7,1995, FNMA's law firm sent a letter to Vernon at the Willie Mays Drive address specifying the amount necessary to reinstate the mortgage. Although the letter indicates that Vernon requested the information, no one called or otherwise contacted him to confirm Pamela's death or to inquire about his interest in the home or possible heirs.
In September, 1995, FNMA filed an Amended Complaint naming as defendants "PAMELA S. JOHNSON f/k/a Pamela S. Floyd, if living, and if deceased, her respective unknown heirs,...." One month later, FNMA's attorney filed an Affidavit of Constructive Service alleging that after diligent search and inquiry, the unknown heirs, devisees, etc. of Pamela Johnson could not be located. The Notice of Action with an attached copy of the amended complaint was mailed to Pamela S. Johnson f/k/a Pamela S. Floyd at the Willie Mays Drive address.
On November 27, 1995, FNMA's attorney sent another letter to Vernon specifying the amounts necessary to reinstate the mortgage or to pay the balance in full. This letter, like the February letter, indicates that Vernon requested the information. A court appointed attorney ad litem for the unknown defendants perfunctorily answered the amended complaint and on January 30, 1996, the trial court entered final summary judgment in favor of FNMA. The property was sold at a foreclosure sale on March 19, 1996, for $16,000.
Shortly after the foreclosure sale, the appellants were personally notified to vacate the premises by the sheriff. In response, the instant motion to set aside the sale was filed, accompanied by affidavits stating that the appellants were never contacted by counsel *1112 for FNMA or the attorney ad litem, and that they were unaware of the foreclosure action until presented with a writ of possession. The court denied the motion finding that appellants failed to move expeditiously to protect their interests and that they presented no meritorious defense to the foreclosure.
We agree with the appellants' assertion that FNMA failed to conduct a diligent search. Chapter 49 of the Florida Statutes governs constructive service of process. As a prerequisite to constructive service, a plaintiff (or plaintiff's attorney) must file an affidavit showing, inter alia, that a diligent search has been made to discover the names and addresses of the defendants. §§ 49.031(1), 49.041(1), 49.071, Fla. Stat. (1995). The affidavit need only allege that a diligent search and inquiry was made, and need not include specific supporting facts. Demars v. Village of Sandalwood Lakes Homeowners Ass'n, Inc., 625 So.2d 1219 (Fla. 4th DCA 1993). The underlying facts, however, must show that "`the complainant reasonably employed the knowledge at his command, made diligent inquiry and exerted an honest and conscientious effort appropriate to the circumstance to acquire the information necessary to enable him to effect personal service on the defendant.'" Batchin v. Barnett Bank of Southwest Florida, 647 So.2d 211, 213 (Fla. 2d DCA 1994) (quoting Canzoniero v. Canzoniero, 305 So.2d 801, 803 (Fla. 4th DCA 1975)).
In the instant case, FNMA's affidavit states that a search was made of the Social Security Administration database, Volusia County probate records and Vital Statistics without success. Notwithstanding, Social Security records did confirm that Pamela Johnson was deceased. FNMA, however, omitted the most meaningful searchgetting out of the office, finding the property, inquiring of persons in possession of the property, or talking with neighbors, relatives or friends.[1]
Vernon's inquiries to FNMA resulted in letters being sent to him at the Willie Mays Drive address specifying the amount necessary to reinstate the mortgage. Thus, FNMA was placed on notice in February 1995 that Vernon was accepting mail at the subject property and had some knowledge about the mortgage and its default status. FNMA could have easily contacted him to inquire about Pamela and her heirs and had it done so, should have discovered that Pamela's heirs resided at the home on Willie Mays Drive. The failure to pursue this lead shows that FNMA did not "reasonably employ[] the knowledge at [its] command." Batchin, supra. FNMA failed to conduct a diligent search and inquiry as required by section 49.071 by completely ignoring parties in possession of the premises.
Strict compliance with constructive service statutes is required. Tindal v. Varner, 667 So.2d 890 (Fla. 2d DCA 1996); Gans v. Heathgate-Sunflower Homeowners Ass'n, Inc., 593 So.2d 549 (Fla. 4th DCA 1992); Sunblest Products, Inc. v. Vroom Enterprises, Inc., 508 So.2d 770 (Fla. 5th DCA 1987). Failure to strictly comply renders a subsequent judgment voidable. Tindal; Demars, 625 So.2d at 1221. If service of process is so defective that it amounts to no notice of the proceedings, the judgment is void. Cohen v. Drucker, 677 So.2d 953 (Fla. 4th DCA 1996); Myrick v. Walters, 666 So.2d 249 (Fla. 2d DCA 1996); McAlice v. Kirsch, 368 So.2d 401 (Fla. 3d DCA 1979).
The record discloses that a conscientious effort was not made to acquire the information necessary to accomplish personal service on the persons holding title or having possession of the mortgaged property so as to provide them with notice of the proceedings. The facts known by FNMA prior to obtaining the final judgment were:
1. Pamela Johnson was the sole owner of the property since Vernon Johnson, one of the original mortgagors, had conveyed his interest to Pamela.
2. Pamela Johnson was deceased.
3. A person named Vernon Chiress had been making inquiries regarding the payment *1113 necessary to reinstate the mortgage in default.
4. Letters were mailed to Vernon Chiress at the address of the mortgaged property during the search for heirs but no inquiry was made of him about heirs.
5. The process server was unsuccessful in accomplishing service because he could not find the property.
In our view, FNMA would have learned additional facts necessary to accomplish personal service if someone had found this immovable, legally described parcel of real estate with a Daytona Beach address to which letters were being mailed by its attorney and visited it in order to determine who was in possession[2] in addition to directing searches of records while working within the confines of an office. It is extremely noteworthy that although FNMA's process server found it impossible to locate the property and its inhabitants during the pre-judgment period, the sheriff had no problem in finding the property and ousting the defendants while executing the post-judgment writ of possession.
Lack of diligence to determine the interests of those in possession may possibly be also attributed to the administrator and attorney ad litem appointed to represent the interests of Pamela's heirs. The record reveals the appointment, oath and customary answer to the foreclosure complaint, but nothing that would reveal that any real effort was made to learn those important facts a visit to the property would have revealed.
We further note that the arguments made at the hearing to vacate the judgment and sale indicate that FNMA considered Vernon Chiress to be a representative of Kenneth, Kevin and Faye Floyd, and that those three children are bound by Vernon's actions. Nothing in the record validates that conclusion. All the children are adults and, assuming that Pamela died without a will, they were the real parties in interest in this foreclosure as Pamela's heirs. The record does not reflect that Vernon regained interest in the property after he conveyed his interest to Pamela nor that he communicated to the children the default in payments on the mortgage or that a mortgage even existed. The record in this case allows one to conclude only that Vernon knew that payments were past due on the mortgage, but not that any of the children knew that foreclosure proceedings had been initiated.
We vacate the final judgment and sale and remand for further proceedings.
JUDGMENT VACATED AND REMANDED.
GRIFFIN, C.J., concurs.
THOMPSON, J., dissents with opinion.
THOMPSON, Judge, dissenting.
I respectfully dissent. I agree that FNMA failed to conduct a diligent search for appellants before effecting constructive service by publication. See §§ 49.031(1), 49.041(1), Fla. Stat. (1995). However, service of process was not so defective as to amount to no notice of the foreclosure proceedings and render the judgment void. See Cohen v. Drucker, 677 So.2d 953 (Fla. 4th DCA 1996); Myrick v. Walters, 666 So.2d 249 (Fla. 2d DCA 1996). I would affirm because the record supports the trial court's conclusion that the appellants received actual notice of the proceedings.
The clerk of the circuit court mailed a Notice of Action and a copy of the complaint to appellants' home on 8 November 1995, nearly three months before FNMA obtained final summary judgment. There is an indication in the record that appellants did receive the notice. Appellant Vernon Chiress a/k/a Vernon Floyd phoned appellee's counsel and asked for the payoff amounts. Chiress was mailed a letter on 7 February 1995 which directed payment to the foreclosure department. Three weeks later, Chiress received, at his request, a letter from FNMA's law firm indicating reinstatement and payoff amounts. The letter, dated 27 February 1995, directed Chiress to send payment *1114 "Attn: Foreclosure Department" and included charges for "Filing Fee" and "Service of Process." Finally, during the hearing, Chiress' attorney stated that "as far as Mr. Chiress knew, he was still negotiating to hold off the foreclosure proceedings." These circumstances indicate that Chiress and the other appellants, his adult children living in the house with him, had notice of the pending foreclosure action. Accordingly, the foreclosure judgment was voidable, not void. See Tindal v. Varner, 667 So.2d 890 (Fla. 2d DCA 1996); Demars v. Village of Sandalwood Lakes Homeowners Ass'n, Inc., 625 So.2d 1219 (Fla. 4th DCA 1993). I would find no abuse of discretion in the court's denial of appellants' motion to vacate the final judgment. Fla. R. Civ. P. 1.540(b); Church v. Strickland, 382 So.2d 419 (Fla. 5th DCA 1980).
NOTES
[1] A checklist of inquiries for search consisting of 22 items appears in The Florida Bar Continuing Legal Education, Florida Real Property Litigation § 7.14 (2d Ed.1996). Some searches require one to make inquiries outside of an office.
[2] Indeed, at the hearing on the motion to vacate, the attorney for FNMA conceded, "in hindsight, boy do I wish I'd called Mr. Chiress, found his phone number and said, who are these people, where can they be found. And do I wish I had sent the sheriff out there, yes."