KARLAN, SANDY, Associate Judge.
The Former Husband appeals from an order denying his motion to vacate a Final Judgment of Dissolution of Marriage. He argues, inter alia, that since he was not afforded adequate notice of the dissolution hearing, the Final Judgment of Dissolution of Marriage was void and therefore the trial court erred in denying his motion to vacate the final judgment under Rule 1.540, Florida Rules of Civil Procedure. We disagree and affirm.
The Former Husband filed his Petition for Dissolution of Marriage on October 26, 1989, and the Former Wife filed an Answer and Counter-petition. After extensive litigation, the case was set for trial for the week commencing January 15, 1993, by order dated July 13, 1992. Former Husband’s counsel withdrew on September 15, 1992, and all further notices were sent to the Former Husband directly. He never obtained new counsel.
On September 21, 1992, the trial court struck the Former Husband’s pleadings as a sanction for discovery violations. On November 3, 1992, the Former Wife filed a motion to expedite the trial date. A copy was sent to the Former Husband’s address in New York. The Former Husband did not appear on November 13,1992 for the hearing on this motion, and the Court entered an order setting the trial for the week of December 14, 1992. The order does not reflect whether a copy was mailed to anyone and the Former Husband does not argue that he did not receive it — only that the record does not show a copy was sent to him.
The final hearing was held on December 15, 1992. In the Final Judgment entered by the trial court, the judge found that the Former Husband did not appear although he was properly noticed. The order also found that the Former Husband had ignored numerous court orders and that a writ of bodily attachment had been issued by the court in Florida for the Former Husband.
Thereafter, the Former Wife sought to enforce the Final Judgment in New York proceedings. Numerous contempt orders were entered by the New York court, and on September 20, 1996, the Former Husband was found guilty under federal law for failure to pay child support.
On June 26, 1996, almost four years after the entry of the Final Judgment in Florida and litigation in New York courts and federal courts, the Former Husband filed his Motion to Vacate Final Judgment on the grounds that it was void ab initio. The trial court denied the motion based upon the finding of proper notice to the Former Husband by the original dissolution trial judge.
We find that the Final Judgment was not void. The Former Husband does not complain of lack of service, which would deprive the court of jurisdiction. He only argues that the order setting trial does not reflect that he was sent a copy. However, the record does reflect that Former Husband had actual knowledge of the proceedings. In the final judgment, the trial court specifically found that Former Husband had been given proper notice of the proceedings. Thus, we conclude that the final judgment was not void. See Cohen v. Drucker, 677 So.2d 953 (Fla. 4th DCA 1996). Since we find that the final judgment was not void, Former Husband was not entitled to relief from the final judgment under Rule 1.540(b). Accordingly, we affirm the trial court’s decision denying Former Husband’s motion to vacate the final judgment.
AFFIRMED.
STONE, C.J., and PARIENTE, BARBARA J., Associate Judge, concur.