WHATLEY, Acting Chief Judge.
The natural mother, M.E., appeals the order denying her motion to set aside the final judgment of adoption of her natural child by the adoptive mother, N.P.S.[1] We vacate the judgment because service of process by publication was improper, and therefore, the trial court was without authority to enter the judgment.
In her motion to set aside the final judgment of adoption, the natural mother asserted that she never received notice of the adoption proceedings.[2] The adoptive mother served process by publication in The Polk County Democrat, a newspaper published twice a week in Polk County, the county in which both parties have lived *549 during all relevant times. As a condition precedent to service by publication, the plaintiff must file a sworn statement that, inter alia, a diligent search was made to discover the name and residence of the person to be served. §§ 49.031, 49.041, Fla. Stat. (1997). The issue at the hearing on the motion to set aside was whether the adoptive mother had made a diligent search for the natural mother’s residence. The trial court ruled, citing Floyd v. Federal National Mortgage Ass’n, 704 So.2d 1110 (Fla. 5th DCA 1998), that the affidavit of the process server was sufficient to support the utilization of constructive service of process because it alleged that a diligent search and inquiry were made.
The trial court’s order is erroneous for two reasons. First, the statement filed by the process server is not sworn, as required by section 49.041. “Strict compliance with constructive service statutes is required.” Floyd, 704 So.2d at 1112.
Second, although the Fourth District stated in Floyd that the affidavit need not include specific supporting facts, it also stated that “[t]he underlying facts ... must show that ‘the complainant reasonably employed the knowledge at his command, made diligent inquiry and exerted an honest and conscientious effort appropriate to the circumstance to acquire the information necessary to enable him to effect personal service on the defendant.’ ” Id. (quoting Batchin v. Barnett Bank of Southwest Florida, 647 So.2d 211, 213 (Fla. 2d DCA 1994), quoting Canzoniero v. Canzoniero, 305 So.2d 801, 803 (Fla. 4th DCA 1975)).
Although the adoptive mother made some effort to locate the natural mother, the underlying facts in this case cannot be said to show that she “reasonably employed the knowledge at [her] command.” Floyd, 704 So.2d at 1112. Several years before the adoption proceedings were initiated, a final judgment of paternity awarded the natural father custody of his natural child, who is the subject of the adoption proceedings. In attempting to locate the natural mother and take custody of the child pursuant to that judgment, the father and the adoptive mother contacted the natural mother’s aunt. At the hearing in this matter, the adoptive mother testified that the aunt was able to advise them of the area in which the natural mother had been seen. However, the adoptive mother failed to advise her attorney of this fact in the course of the adoption proceedings. Her explanation was that she did not think about the aunt. The father stated that he did not know why it did not occur to him to contact the aunt. The aunt and the father testified that the father and the adoptive mother had been to the aunt’s current residence twice.[3] Thus, the facts do not show that the adoptive mother made a diligent search for the natural mother.
Accordingly, we vacate the final judgment of adoption because the constructive service statutes were not strictly complied with in this case, and therefore, the trial court did not have authority to enter the judgment.
CASANUEVA, and SALCINES, JJ„ Concur.

. The adoptive mother has been married to the child's natural father, but at the time of the hearing of this matter they were in the process of divorcing. The adoptive mother has cared for the child for the vast majority of the child's life.

. The natural mother learned of the adoption through a caseworker with the Department of Health and Rehabilitative Services (now the Department of Children and Family Services) who contacted the natural father to arrange visitation for the natural mother with the child.

. We note that form 12.981(d) of the Florida Family Law Rules of Procedure lists aunts as relatives who would be helpful for a prospective adoptive stepparent to contact in making a diligent search for the birth parent.