WHATLEY, Judge,
Dissenting.
I respectfully dissent. The plain language of section 709.08(5), Florida Statutes (2010),[1] provides that notice via certified mail was sufficient. Section 709.08 explicitly addresses rules relating to a durable power of attorney, and subsection (5) of that statute specifically discusses notice requirements relating to a durable power of attorney. None of the cases relied upon in the majority opinion involve proceedings related to a durable power of attorney. Borden, 921 So.2d 587; Shurman, 795 So.2d 952; Carmona, 81 So.3d 461; Myrick, 666 So.2d 249.
Further, this appeal may be moot as the record indicates that proceedings may have been initiated to appoint a guardian *986 for the principal, and therefore, Griffith’s power of attorney would have been suspended when such proceedings were initiated.
Because the Appellees complied with the notice requirements of section 709.08(5), I would affirm.

. In 2011, the Florida Legislature substantially revised and renumbered Chapter 709, and repealed sections 709.01, 709.015, 709.08 and 709.11. Ch.2011-210, § 33, at 3273, Laws of Fla. (2011). These changes became effective on October 1, 2011, and are not applicable to the case at bar.